UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

In re

CENTRALIA OUTLETS, LLC,

Debtor.

Case No. 10-50029

**DEBTOR'S PLAN OF REORGANIZATION
DATED APRIL 1, 2011**

**PERKINS COIE LLP**

Alan D. Smith, WSBA No. 24964
Brian A. Jennings, WSBA No. 32509
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Telephone 206.359.8000
Facsimile: 206.359.9000
Email: ADSmith@perkinsoie.com
BJennings@perkinscoie.com

Attorneys for the Debtor
Centralia Outlets, LLC

DEBTOR'S PLAN OF REORGANIZATION
DATED APRIL 1, 2011

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Case 10-50029-BDL    Doc 74    Filed 04/01/11    Entered 04/01/11 14:37:46    Page 1 of 20

TABLE OF CONTENTS

Page

ARTICLE 1 DEFINITIONS ............................................................................................... 1

ARTICLE 2 PROVISIONS FOR TREATMENT OF ADMINISTRATIVE AND
PRIORITY TAX CLAIMS ............................................................................ 10

    2.1    Administrative Claims. ................................................................................ 10

    2.2    Professional Fees. ........................................................................................ 10

    2.3    Priority Tax Claims. .................................................................................... 11

ARTICLE 3 CLASSIFICATION OF CLAIMS AND INTERESTS ................................ 11

ARTICLE 4 PROVISIONS FOR TREATMENT OF CLAIMS AND INTERESTS ......... 12

    4.1    Class 1. Priority Claims. ............................................................................. 12

    4.2    Class 2. Sterling Secured Claim. ................................................................ 12

    4.3    Class 3. General Unsecured Claims............................................................ 14

    4.4    Class 4. Interests ......................................................................................... 14

ARTICLE 5 ACCEPTANCE OR REJECTION OF THIS PLAN ..................................... 14

    5.1    Each Impaired Class Entitled to Vote Separately. ...................................... 14

    5.2    Acceptance by a Class of Claims. ............................................................... 15

ARTICLE 6 MEANS FOR IMPLEMENTATION AND EXECUTION OF THIS
PLAN ............................................................................................................ 15

    6.1    Effective Date Transactions. ....................................................................... 15

    6.2    Amendment of Operating Agreement. ....................................................... 15

    6.3    Continuation of Business. ........................................................................... 15

    6.4    Management and Operations. ..................................................................... 16

    6.5    Plan Funding. .............................................................................................. 16

    6.6    Preservation of Causes of Action and Avoidance Actions. ........................ 16

    6.7    Compensation of Professionals. .................................................................. 17

ARTICLE 7 PROVISIONS GOVERNING DISTRIBUTIONS AND DISPUTED
CLAIMS ....................................................................................................... 17

    7.1    Disbursing Agent. ....................................................................................... 17

    7.2    Record Date. ............................................................................................... 17

    7.3    Timing of Distributions. .............................................................................. 17

DEBTOR'S PLAN OF REORGANIZATION
DATED APRIL 1, 2011 – i

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Case 10-50029-BDL    Doc 74    Filed 04/01/11    Entered 04/01/11 14:37:46    Page 2 of 20

TABLE OF CONTENTS
(continued)

Page

| | | | |
|---|---|---|---|
| | 7.4 | Withholding Taxes. | 17 |
| | 7.5 | Third Party Recoveries. | 18 |
| | 7.6 | Fractional Cents. | 18 |
| | 7.7 | No Distributions Under Twenty Dollars. | 18 |
| | 7.8 | Undeliverable or Unclaimed Distributions. | 18 |
| | 7.9 | Time Bar to Cashing Distribution Checks. | 19 |
| | 7.10 | Transmittal of Distributions and Notices. | 19 |
| | 7.11 | Disputed Claims. | 20 |
| | 7.12 | Procedure. | 20 |
| | 7.13 | Disputed Distributions. | 20 |
| | 7.14 | Limitations on Filing or Amending Claims After the Confirmation Date. | 21 |
| | 7.15 | No Distributions Pending Allowance. | 21 |
| ARTICLE 8 TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES | | | 21 |
| | 8.1 | General Assumption of Executory Contracts and Unexpired Leases. | 21 |
| | 8.2 | Cure of Assumed Contracts and Leases. | 22 |
| | 8.3 | Filing of Proofs of Claim. | 22 |
| ARTICLE 9 CONDITIONS PRECEDENT | | | 23 |
| | 9.1 | Conditions Precedent to the Effective Date. | 23 |
| | 9.2 | Waiver of Conditions. | 24 |
| | 9.3 | Notice of Effective Date. | 24 |
| ARTICLE 10 EFFECT OF CONFIRMATION | | | 24 |
| | 10.1 | Effect of Appeals. | 24 |
| | 10.2 | Binding Effect. | 25 |
| | 10.3 | Revesting of Property. | 25 |
| | 10.4 | Discharge. | 25 |
| | 10.5 | Term of Injunction or Stays. | 25 |
| | 10.6 | Injunction. | 26 |

DEBTOR'S PLAN OF REORGANIZATION
DATED APRIL 1, 2011 – ii

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Case 10-50029-BDL    Doc 74    Filed 04/01/11    Entered 04/01/11 14:37:46    Page 3 of 20

TABLE OF CONTENTS
(continued)

Page

| | | | |
|---|---|---|---|
| | 10.7 | Exculpation. | 26 |
| | 10.8 | Effect on Insurance Policies. | 26 |
| ARTICLE 11 MISCELLANEOUS PROVISIONS | | | 27 |
| | 11.1 | Revocation. | 27 |
| | 11.2 | Effect of Withdrawal or Revocation. | 27 |
| | 11.3 | Modifications. | 27 |
| | 11.4 | Bankruptcy Court to Retain Jurisdiction. | 27 |
| | 11.5 | Election Pursuant to Section 1129(b) of the Bankruptcy Code. | 30 |
| | 11.6 | Consummation of the Plan. | 30 |
| | 11.7 | Exemption from Transfer Taxes. | 30 |
| | 11.8 | Waivers. | 31 |
| | 11.9 | Setoffs, Recoupments and Defenses. | 31 |
| | 11.10 | Cancellation of Documents Evidencing Unsecured Claims. | 31 |
| | 11.11 | No Retiree Benefits. | 32 |
| | 11.12 | Closing of the Bankruptcy Cases. | 32 |
| | 11.13 | Compromise of Controversies. | 32 |
| | 11.14 | Payment of Statutory Fees. | 33 |
| | 11.15 | Notices. | 33 |
| | 11.16 | Headings. | 34 |
| | 11.17 | Construction. | 34 |
| | 11.18 | Governing Law. | 34 |
| | 11.19 | Successors and Assigns. | 34 |
| | 11.20 | Exhibits. | 34 |

DEBTOR'S PLAN OF REORGANIZATION
DATED APRIL 1, 2011 – iii

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Case 10-50029-BDL    Doc 74    Filed 04/01/11    Entered 04/01/11 14:37:46    Page 4 of 20

Centralia Outlets, LLC proposes the following plan of reorganization pursuant to section 1121(a) of the Bankruptcy Code.

**ALL CREDITORS ARE ENCOURAGED TO CONSULT THE DISCLOSURE STATEMENT BEFORE VOTING TO ACCEPT OR REJECT THIS PLAN. THE DISCLOSURE STATEMENT CONTAINS A DISCUSSION OF THE DEBTOR'S PREPETITION AND POSTPETITION ACTIVITIES AND A SUMMARY AND ANALYSIS OF THIS PLAN.**

## ARTICLE 1
## DEFINITIONS

Whenever from the context it appears appropriate, each term stated in either the singular or the plural shall include the singular and the plural, and pronouns stated in the masculine, feminine or neuter shall include the masculine, feminine and the neuter. The words "herein," "hereto," "hereof," "hereunder" and others of similar import refer to this Plan as a whole and not to any particular article, section, subsection, or clause contained in this Plan. Any term used in this Plan that is not herein defined but is used in the Bankruptcy Code shall have the meaning assigned to the term in the Bankruptcy Code. Unless the context requires otherwise, the following words and phrases shall have the meaning set forth below when used in initially capitalized form in this Plan:

**"Administrative Claim"** means a Claim for payment of an administrative expense of a kind specified in section 503(b) of the Bankruptcy Code and referred to in section 507(a)(1) of the Bankruptcy Code, including, without limitation, the actual, necessary costs and expenses of preserving the Debtor's estate and operating the businesses of the Debtor, including wages, salaries, or commissions for services rendered after the Petition Date, compensation for legal and other services and reimbursement of expenses awarded under

DEBTOR'S PLAN OF REORGANIZATION
DATED APRIL 1, 2011 – 1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

section 330(a) or 331 of the Bankruptcy Code, and all fees and charges assessed against a Debtor's estate under section 1930 of title 28 of the United States Code, and all fees and charged assessed against a Debtor's estate under section 1930 of title 28 of the United States Code.

**"Allowed"** means with respect to Claims: (i) any Claim against either of the Debtor, proof of which is timely Filed, or which by order of the Bankruptcy Court is not or will not be required to be Filed; or (ii) any Claim that has been or is hereafter listed in the Schedules Filed by either Debtor as liquidated in amount and not disputed or contingent and in each case as to which either (a) no objection to the allowance thereof has been interposed within the applicable period of time fixed by the Bankruptcy Code, the Bankruptcy Rules or the Bankruptcy Court or (b) such an objection is so interposed and the Claim will have been allowed by a Final Order (but only to the extent so allowed), or (iii) any Claim Allowed pursuant to this Plan. A Claim is not an Allowed Claim merely because it has been described, treated or defined in this Plan. An Allowed Claim will not include interest on the principal amount of such Claim from and after the Petition Date, except as otherwise specifically provided in this Plan. Notwithstanding the foregoing, Claims will be Allowed to the extent that this Plan provides that they are deemed Allowed.

**"Assumed Contracts"** has the meaning set forth in Section 8.1 of this Plan.

**"Avoidance Actions"** means all avoidance claims arising under Chapter 5 of the Bankruptcy Code or otherwise and the proceeds thereof, of whatever kind or nature, and whether asserted or unasserted, including, but not limited to, all avoidance actions instituted pursuant to sections 510, 542, 544, 545, 547, 548, 549, 550, 551 and 553 of the Bankruptcy Code.

DEBTOR'S PLAN OF REORGANIZATION
DATED APRIL 1, 2011 – 2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Case 10-50029-BDL    Doc 74    Filed 04/01/11    Entered 04/01/11 14:37:46    Page 6 of 20

**"Bankruptcy Case"** means the case under chapter 11 of the Bankruptcy Code concerning the Debtor commenced on the Petition Date.

**"Bankruptcy Code"** means title 11 of the United States Code, as amended from time to time, as applicable to the Bankruptcy Case.

**"Bankruptcy Court"** means the United States Bankruptcy Court for the Western District of Washington, which has jurisdiction over the Bankruptcy Case.

**"Bankruptcy Rules"** means the Federal Rules of Bankruptcy Procedure promulgated under section 2075 of title 28 of the United States Code, as amended from time to time, and any and all applicable local rules of the Bankruptcy Court, as the same may from time to time be in effect and applicable to the Bankruptcy Case and other related proceedings.

**"Bar Date"** means the date to be set pursuant to an Order of the Court as the last date to file proofs of claim against the Debtor.

**"Barnett"** or **"J. Barnett"** means Jerry Barnett, an individual.

**"Barnett Case"** means the joint bankruptcy case currently pending before the Bankruptcy Court under Case No. 10-46062.

**"Barnett Guaranty"** means that certain Guaranty executed by the Barnetts on February 13, 2007, in favor of Intervest-Mortgage Investment Company, pursuant to which the Barnetts guaranteed certain obligations of the Debtor under the Sterling Loan Documents.

**"Barnetts"** means J. Barnett and Katherine Barnett, husband and wife, and debtors in the Barnett Case.

DEBTOR'S PLAN OF REORGANIZATION
DATED APRIL 1, 2011 – 3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Case 10-50029-BDL    Doc 74    Filed 04/01/11    Entered 04/01/11 14:37:46    Page 7 of 20

**"Business Day"** means any day other than a Saturday, Sunday or a "legal holiday" listed in Bankruptcy Rule 9006(a).

**"Cash"** means legal tender issued by the government of the United States of America irrespective of the method of payment.

**"Causes of Action"** means any and all causes of actions of the estate, of whatever kind or nature, and whether asserted or unasserted, including, without limitation Avoidance Actions.

**"Claim"** means (i) a right to payment from the estate (including, without limitation, a guaranty), whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (ii) a right to an equitable remedy for breach of performance from the estate if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

**"Class"** means a Class of Claims or Interests, as described in Article 3 of this Plan in accordance with section 1123(a)(1) of the Bankruptcy Code.

**"Confirmation"** means the entry of the Confirmation Order by the Bankruptcy Court confirming this Plan.

**"Confirmation Date"** means the date on which the Confirmation Order is entered on the docket maintained by the Bankruptcy Court.

**"Confirmation Hearing"** means the hearing to be held by the Bankruptcy Court to consider Confirmation of this Plan.

DEBTOR'S PLAN OF REORGANIZATION
DATED APRIL 1, 2011 – 4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Case 10-50029-BDL    Doc 74    Filed 04/01/11    Entered 04/01/11 14:37:46    Page 8 of 20

**"Confirmation Order"** means the order of the Bankruptcy Court confirming this Plan under section 1129 of the Bankruptcy Code.

**"Cure"** means the distribution of Cash, or such other property or undertaking as may be agreed on by the parties, with respect to the assumption of an executory contract or unexpired lease under section 365(b) of the Bankruptcy Code, in an amount equal to all accrued, due and unpaid monetary obligations, without interest, as of the Effective Date, or such other amount as may be agreed on by the parties, under such executory contract or unexpired leases, to the extent such obligations are enforceable under the Bankruptcy Code and applicable nonbankruptcy law.

**"Debtor"** means Centralia Outlets, LLC, a Washington limited liability company.

**"Disclosure Statement"** means the disclosure statement, as amended, supplemented or modified from time to time, describing this Plan, prepared in accordance with section 1126(b) of the Bankruptcy Code.

**"Disputed Claim"** means (i) a Claim against the Debtor that was not timely Filed; (ii) a Claim against the Debtor, to the extent that a proof of Claim has been timely Filed or deemed timely Filed under applicable law, as to which an objection has been timely Filed by the Debtor or any other party in interest and which objection has not been withdrawn or has not been denied by a Final Order; (iii) a Claim for which no proof of claim was Filed and that was either not listed in the Schedules or listed in the Schedules as contingent, disputed or unliquidated; and (iv) the Claim of any creditor appealing the Confirmation Order.

**"Distribution Date"** means as to each Class of Claims, the date on which distributions are to be made as set forth in this Plan.

DEBTOR'S PLAN OF REORGANIZATION
DATED APRIL 1, 2011 – 5

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Case 10-50029-BDL    Doc 74    Filed 04/01/11    Entered 04/01/11 14:37:46    Page 9 of 20

**"Effective Date"** means the day that (i) is at least fifteen (15) days after the Confirmation Date and (ii) all conditions precedent to this Plan as set forth in Section 9.1 have been satisfied, or, if such date is not a Business Day, the next succeeding Business Day; provided, that if a stay of the Confirmation Order is then in effect, the Effective Date will be the first Business Day after the stay is lifted. If the other requirements of the definition of Effective Date are satisfied, the Debtor may elect for the Effective Date to occur prior to the time set forth in subparagraph (i).

**"Entity"** means any individual, corporation, limited liability company or similar entity, limited or general partnership, joint venture, association, joint stock company, estate, entity, trust, trustee, U.S. Trustee, unincorporated organization, government, governmental unit (as defined in the Bankruptcy Code), agency or political subdivision thereof.

**"Fee Claim"** means a Claim under sections 326, 330 or 503 of the Bankruptcy Code for allowance of compensation and reimbursement of expenses in this Bankruptcy Case.

**"Filed"** means filed with the Bankruptcy Court in the Bankruptcy Case.

**"Final Order"** means an order, ruling or judgment that is no longer subject to review, reversal, modification or amendment by appeal or writ of certiorari.

**"Getty"** or **"R. Getty"** means Richard K. Getty, an individual.

**"Getty Case"** means the joint bankruptcy case currently pending before the Bankruptcy Court under Case No. 10-46061.

**"Getty Guaranty"** means that certain Guaranty executed by the Gettys on February 13, 2007, in favor of Intervest-Mortgage Investment Company, pursuant to which the Gettys guaranteed certain obligations of the Debtor under the Sterling Loan Documents.

DEBTOR'S PLAN OF REORGANIZATION
DATED APRIL 1, 2011 – 6

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Case 10-50029-BDL  Doc 74  Filed 04/01/11  Entered 04/01/11 14:37:46  Page 10 of 20

**"Gettys"** means R. Getty and Rhonda L. Getty, husband and wife, and debtors in the Getty Case.

**"Gladiator"** means Gladiator Investments, LLC, a Washington limited liability company, which is wholly owned by the Barnetts, and which owns thirty percent (30%) of Debtor's Interests.

**"Green Global"** means Green Global Investments, LLC, a Delaware limited liability company, which is wholly owned by the Gettys, and which owns seventy percent (70%) of Debtor's membership Interests.

**"Interests"** means the Debtor's limited liability company membership interests.

**"LIBOR"** means the one month London Interbank Offered Rate as reported by the Wall Street Journal.

**"Petition Date"** means December 3, 2010, the date this Bankruptcy Case was commenced.

**"Plan"** means this chapter 11 plan of reorganization together with all exhibits and attachments hereto, either in its present form or as it may be altered, amended or modified pursuant to Section 12.3 of this Plan and applicable provisions of the Bankruptcy Code and Bankruptcy Rules.

**"Plan Supplement"** means the document to be filed by the Debtor no later than ten (10) days prior to the date votes on the Plan are due, including such ancillary documents as forms of the Sterling Replacement Loan Documents, a list of Assumed Contracts, and other additional documents as Debtor may determine are appropriate.

DEBTOR'S PLAN OF REORGANIZATION
DATED APRIL 1, 2011 – 7

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Case 10-50029-BDL   Doc 74   Filed 04/01/11   Entered 04/01/11 14:37:46   Page 11 of 20

**"Priority Claim"** means any Claim, other than a Priority Tax Claim or an Administrative Claim, which is entitled to priority in payment under section 507(a) of the Bankruptcy Code.

**"Priority Tax Claim"** means any Claim that is entitled to priority in payment under section 507(a)(8) of the Bankruptcy Code.

**"Projections"** means the projections attached to the Disclosure Statement.

**"Pro Rata"** means at any particular time, with respect to each Class of Claims, the same proportion that the Allowed amount of a Claim in such Class of Claims bears to the aggregate of: (i) the Allowed amount of all such Claims, plus (ii) the aggregate asserted amount of all Disputed Claims of such Class of Claims, as reduced from time to time as and to the extent that the Allowed amount of such Claim is determined.

**"Reorganized Debtor"** refers to the Debtor on and after the Effective Date.

**"Schedules"** means the schedules of assets and liabilities Filed by each Debtor with the Bankruptcy Court in accordance with section 521(1) of the Bankruptcy Code, including any supplements or amendments made thereto pursuant to Bankruptcy Rule 1009.

**"Secured Claim"** means any Claim that is secured by a validly existing and properly perfected security interest, either by deed of trust, mortgage or financing statement, or pursuant to applicable law, in property of the Debtor.

**"Secured Tax Claim"** means any and all Claims of governmental units for ad valorem property taxes or similar impositions that are secured by statutory liens on any of the Debtor's property, whether real or personal, which liens take priority over all other liens against the same property.

**"Sterling"** means Sterling Savings Bank.

DEBTOR'S PLAN OF REORGANIZATION
DATED APRIL 1, 2011 – 8

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Case 10-50029-BDL    Doc 74    Filed 04/01/11    Entered 04/01/11 14:37:46    Page 12 of 20

**"Sterling Allowed Secured Claim"** means the principal amount due under the Sterling Note plus interest at the nondefault rate and costs and expenses allowable in accordance with the Sterling Loan Documents and applicable law.

**"Sterling Collateral"** means Debtor's property in which, as of the Petition Date, Sterling had a valid, enforceable security interest pursuant to the Sterling Loan Documents.

**"Sterling Loan Documents"** means the Sterling Note and the other loan documents executed on or about February 13, 2007, in connection with the Sterling Loan, including the Construction Loan Agreement, the Deed of Trust, Assignment of Rents and Security Agreement, and the Assignment of Leases and Cash Collateral.

**"Sterling Interest Rate"** means a fixed interest rate of 2.265%, which is equal to LIBOR as of the Petition Date (0.265%) plus 2%.

**"Sterling Maturity Date"** means the tenth anniversary of the Effective Date.

**"Sterling Monthly Interest Amount"** means the amount equal to one-twelfth (1/12) of the product of (a) the then-current principal balance under the Sterling Replacement Loan Documents and (b) the Sterling Interest Rate.

**"Sterling Note"** means that certain Promissory Note in the original principal amount of $30,750,000, dated as of February 13, 2007, executed by Debtor in favor of Intervest-Mortgage Investment Company

**"Sterling Replacement Loan Documents"** means the Sterling Replacement Note and all other documents and agreements, if any, that will govern the respective rights and obligations of Sterling and the Reorganized Debtor. The form and content of the Sterling Replacement Loan Documents will be consistent with the terms of this Plan, and forms of the Sterling Replacement Loan Documents will be included with the Plan Supplement.

DEBTOR'S PLAN OF REORGANIZATION
DATED APRIL 1, 2011 – 9

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Case 10-50029-BDL    Doc 74    Filed 04/01/11    Entered 04/01/11 14:37:46    Page 13 of 20

**"Sterling Replacement Note"** means the amended and restated promissory note to be given to Sterling by Reorganized Debtor evidencing Sterling's Secured Claim.

**"Unsecured Claim"** means an Allowed Claim not otherwise classified or designated in this Plan.

**"U.S. Trustee"** means the Office of the United States Trustee.

## ARTICLE 2
## PROVISIONS FOR TREATMENT OF ADMINISTRATIVE AND PRIORITY TAX CLAIMS

**2.1  Administrative Claims.**

Each Administrative Claim other than Fee Claims accrued on or before, but unpaid as of, the Effective Date will be paid in full in Cash on the latest of: (i) the Effective Date; (ii) the date on which the Bankruptcy Court enters an order allowing such Administrative Claim; or (iii) the date on which the Debtor or the Reorganized Debtor, as the case may be, and the holder of such Allowed Administrative Claim otherwise agree in writing; provided, however, that Administrative Claims representing indebtedness or other obligations incurred in the ordinary course of business of the Debtor will be paid in the ordinary course of business and in accordance with any terms and conditions of any agreement or order relating thereto.

**2.2  Professional Fees.**

Each professional person, whose retention or appointment in the Bankruptcy Cases has been approved by the Bankruptcy Court, and who holds or asserts a Fee Claim, shall file with the Bankruptcy Court and serve on all parties required to receive notice a final fee application within 45 days after the Effective Date. The failure to timely file the fee application as required under this Section 2.2 will result in the Fee Claim being forever

DEBTOR'S PLAN OF REORGANIZATION
DATED APRIL 1, 2011 – 10

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Case 10-50029-BDL    Doc 74    Filed 04/01/11    Entered 04/01/11 14:37:46    Page 14 of 20

barred and discharged. A Fee Claim with respect to which a fee application has been properly Filed pursuant to this Section 2.2 will become an Allowed Administrative Claim only to the extent allowed by Final Order. All Allowed Fee Claims shall be paid by the Reorganized Debtor from Cash from operations or through application of any retainer held by such professional person.

**2.3    Priority Tax Claims.**

Each holder of an Allowed Priority Tax Claim will be paid the full amount of its Allowed Priority Tax Claim on the Effective Date.

### ARTICLE 3
### CLASSIFICATION OF CLAIMS AND INTERESTS

Pursuant to section 1122 of the Bankruptcy Code, the following table (a) designates the Classes of Claims against, and Interests in the Debtor, (b) specifies the Classes of Claims and Interests that are Impaired by the Plan and therefore are deemed to reject the Plan or are entitled to vote to accept or reject the Plan in accordance with section 1126 of the Bankruptcy Code, and (c) specifies the Classes of Claims and Interests that are Unimpaired by the Plan and therefore are deemed to accept the Plan in accordance with section 1126 of the Bankruptcy Code. Administrative Claims and Priority Tax Claims of the kinds specified in section 507(a)(8) of the Bankruptcy Code (the treatment of which is set forth in Article 2 above) have not been classified and are excluded from the following Classes, in accordance with section 1123(a)(1) of the Bankruptcy Code.

| Class | Designation | Impairment | Entitled to Vote |
|---|---|---|---|
| 1 | Allowed Priority Claims | No | No (deemed to accept) |
| 2 | Allowed Sterling Secured Claim | Yes | Yes |
| 3 | Allowed Unsecured Claim | Yes | Yes |
| 4 | Allowed Interests | No | No |

DEBTOR'S PLAN OF REORGANIZATION
DATED APRIL 1, 2011 – 11

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Case 10-50029-BDL    Doc 74    Filed 04/01/11    Entered 04/01/11 14:37:46    Page 15 of 20

# ARTICLE 4
# PROVISIONS FOR TREATMENT OF CLAIMS AND INTERESTS

The treatment of and consideration to be received by holders of Allowed Claims pursuant to this Plan will be in full settlement, release and discharge of their respective Allowed Claims unless otherwise specified herein.

**4.1     Class 1.  Priority Claims.**

Class 1 is unimpaired. On the latest of: (i) the Effective Date; (ii) ten days after the date a Priority Claim becomes an Allowed Claim; and (iii) the date on which the Debtor or the Reorganized Debtor, as the case may be, and the holder of such Allowed Priority Claim otherwise agree in writing, each holder of an Allowed Priority Claim will be entitled to receive Cash in an amount sufficient to render the Allowed Priority Claim unimpaired under section 1124 of the Bankruptcy Code, in full settlement, release and discharge of such Allowed Priority Claim.

**4.2     Class 2.  Sterling Secured Claim.**

Class 2 is impaired by this Plan and Sterling is entitled to vote on this Plan. Sterling shall receive the treatment described in this section on account of the Sterling Allowed Secured Claim.

(a)     On the Effective Date, Reorganized Debtor shall execute and deliver to Sterling the Sterling Replacement Note and any other Sterling Replacement Loan Documents. The principal amount of the Sterling Replacement Note shall be equal to the amount of the Sterling Allowed Secured Claim. Interest shall accrue at the Sterling Interest Rate from the Effective Date until the principal balance is paid in full, but in any event no later than the Sterling Maturity Date. Sterling's claim shall remain secured by the Sterling Collateral.

DEBTOR'S PLAN OF REORGANIZATION
DATED APRIL 1, 2011 – 12

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Case 10-50029-BDL    Doc 74    Filed 04/01/11    Entered 04/01/11 14:37:46    Page 16 of 20

(b) The Sterling Loan Documents shall provide that the indebtedness thereunder may be paid prior to the Maturity Date without penalty.

(c) Reorganized Debtor may assign all of its rights and obligations under the Sterling Replacement Loan Documents to any party that (i) purchases substantially all of Reorganized Debtor's assets and (ii) agrees to assume all obligations under the Sterling Replacement Loan Documents. Upon assignment of its rights and obligations under the Sterling Replacement Loan Documents, Reorganized Debtor will have no further obligations with respect to the Sterling Allowed Secured Claim.

(d) Reorganized Debtor shall make payments under the Sterling Replacement Loan Documents as follows:

> (i) from the Effective Date until the second anniversary of the Effective Date, monthly payments equal to the Sterling Monthly Interest Amount;
>
> (ii) thereafter until the fifth anniversary of the Effective Date, monthly payments equal to the Sterling Monthly Interest Amount plus $10,000;
>
> (iii) thereafter, until the tenth anniversary of the Effective Date, monthly payments equal to the Sterling Monthly Interest Amount plus $15,000;
>
> (iv) on the Maturity Date, a payment equal to the remaining balance, if any, under the Sterling Replacement Note, including any accrued interest or other charges.

(e) The obligations of the Gettys under the Getty Guaranty and of the Barnetts under the Barnett Guaranty, including any obligations after assignment of the Sterling Replacement Loan Documents, will be determined in the Getty Case and the Barnett Case, respectively. Any distributions to which Sterling becomes entitled in either the Getty Case

DEBTOR'S PLAN OF REORGANIZATION
DATED APRIL 1, 2011 – 13

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Case 10-50029-BDL    Doc 74    Filed 04/01/11    Entered 04/01/11 14:37:46    Page 17 of 20

on account of the Getty Guaranty or the Barnett Case on account of the Barnett Guaranty will be applied to reduce the principal balance under the Sterling Replacement Note.

### 4.3 Class 3. General Unsecured Claims.

Class 3 is impaired by this Plan and holders of Class 4 claims are entitled to vote on this Plan. Holders of Class 3 claims shall receive payment of their Allowed Unsecured Claims as follows: (i) one half on the later of the Effective Date and ten (10) days after such claim is allowed, and (ii) one half on the later of sixty (60) days after Effective Date and ten (10) days after such claim is allowed, together with interest from the Effective Date at the Sterling Interest Rate.

### 4.4 Class 4. Interests

Class 4 is unimpaired by this Plan and the holders of the Interests of Debtor shall be deemed to accept this Plan. Class 4 consists of Green Global, which owns seventy percent (70%) of Debtor's Interests, and Gladiator, which owns thirty percent (30%) of Debtor's Interests. Green Global and Gladiator shall retain their Interests in Reorganized Debtor. Reorganized Debtor shall continue to be managed by R. Getty.

## ARTICLE 5
## ACCEPTANCE OR REJECTION OF THIS PLAN

### 5.1 Each Impaired Class Entitled to Vote Separately.

The holders of Claims in Classes 2 and 3 will be entitled to vote separately as a Class to accept or reject this Plan. The holders of Priority Claims (Class 1) and Interests (Class 4) are not impaired and are deemed to have accepted this Plan.

DEBTOR'S PLAN OF REORGANIZATION
DATED APRIL 1, 2011 – 14

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Case 10-50029-BDL    Doc 74    Filed 04/01/11    Entered 04/01/11 14:37:46    Page 18 of 20

**5.2    Acceptance by a Class of Claims.**

Consistent with section 1126(c) of the Bankruptcy Code, and except as provided in section 1126(e) of the Bankruptcy Code, a Class of Claims shall have accepted this Plan if this Plan is accepted by at least two-thirds in dollar amount and more than one-half in number of the holders of the Allowed Claims of such Class that have timely and properly voted to accept or reject this Plan.  If creditors in a Class (i) fail to vote to either accept or reject this Plan and (ii) fail to object to this Plan, such Class shall be deemed to accept this Plan.

## ARTICLE 6
## MEANS FOR IMPLEMENTATION AND EXECUTION OF THIS PLAN

**6.1    Effective Date Transactions.**

On the Effective Date, or as soon thereafter as is practicable, among other things the Reorganized Debtor shall execute and deliver all documents, instruments and agreements that are necessary to implement this Plan.

**6.2    Amendment of Operating Agreement.**

Debtor's limited liability company operating agreement and bylaws may be amended as necessary to comply with the provisions of section 1123(a)(6) of the Bankruptcy Code and otherwise in a manner not inconsistent with this Plan.

**6.3    Continuation of Business.**

Upon confirmation of this Plan, the Reorganized Debtor will continue its legal existence and will be revested with title to all property of its estate.  From and after the Effective Date, the Reorganized Debtor shall operate its business in a manner consistent with this Plan.

DEBTOR'S PLAN OF REORGANIZATION
DATED APRIL 1, 2011 – 15

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Case 10-50029-BDL    Doc 74    Filed 04/01/11    Entered 04/01/11 14:37:46    Page 19 of 20

**6.4 Management and Operations.**

Upon the occurrence of the Effective Date, the Reorganized Debtor shall be authorized to operate its business and to use, sell, lease or otherwise dispose of its property, including making distributions to Interest holders, free of any restrictions contained in the Bankruptcy Code or Bankruptcy Rules, but subject to applicable non-bankruptcy law and the provisions of this Plan.

**6.5 Plan Funding.**

This Plan shall be funded by a combination of the Debtor's Cash on hand as of the Effective Date and Cash that is collected or generated by Reorganized Debtor after the Effective Date.

**6.6 Preservation of Causes of Action and Avoidance Actions.**

All Causes of Action and Avoidance Actions are preserved and reserved for later adjudication in accordance with this Plan, and therefore no preclusion doctrine, including, without limitation, the doctrines of *res judicata*, collateral estoppel, issue preclusion, claim preclusion, estoppel (judicial, equitable or otherwise) or laches will apply to those Claims or causes of action on or after Confirmation or the Effective Date of this Plan. The failure to specifically list or otherwise identify an Avoidance Claim or Cause of Action in this Plan or the Disclosure Statement: (i) is not intended to effect, and to the extent permitted by law will not be deemed to effect a release or waiver of such Avoidance Claim or Cause of Action; and (ii) is not intended to impair, and to the extent permitted by law will not impair, the Reorganized Debtor' right to pursue such an Avoidance Claim or Cause of Action.

DEBTOR'S PLAN OF REORGANIZATION
DATED APRIL 1, 2011 – 16

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Case 10-50029-BDL    Doc 74    Filed 04/01/11    Entered 04/01/11 14:37:46    Page 20 of 20