**EXHIBIT A**

**PLAN OF REORGANIZATION**

See attached

DISCLOSURE STATEMENT FOR DEBTOR'S PLAN OF
REORGANIZATION DATED MAY 20, 2011 – 1

76262-0001/LEGAL20442205.9

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Case 10-50029-BDL    Doc 126-1    Filed 05/20/11    Entered 05/20/11 12:44:51    Page 1 of 40

1
2
3
4
5
6
7
8
9
10
11
12
13
14          UNITED STATES BANKRUPTCY COURT
15           WESTERN DISTRICT OF WASHINGTON
16                    AT TACOMA
17
18
19    In re                              Case No. 10-50029
20
21
22    CENTRALIA OUTLETS, LLC,
23
24
25                    Debtor.
26
27
28

**DEBTOR'S AMENDED PLAN OF REORGANIZATION**
**DATED MAY 20, 2011**

**PERKINS COIE** LLP

Alan D. Smith, WSBA No. 24964
Brian A. Jennings, WSBA No. 32509
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Telephone 206.359.8000
Facsimile: 206.359.9000
Email: ADSmith@perkinsoie.com
        BJennings@perkinscoie.com

Attorneys for the Debtor
Centralia Outlets, LLC

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

DEBTOR'S AMENDED PLAN OF REORGANIZATION
DATED MAY 20, 2011
76262-0001/LEGAL20472229.7

Case 10-50029-BDL    Doc 126-1    Filed 05/20/11    Entered 05/20/11 12:44:51    Page 2 of 40

# TABLE OF CONTENTS

Page

ARTICLE 1 DEFINITIONS................................................................... 1

ARTICLE 2 PROVISIONS FOR TREATMENT OF ADMINISTRATIVE AND
PRIORITY TAX CLAIMS.................................................. 10

2.1    Administrative Claims. ................................................. 10

2.2    Professional Fees. ........................................................ 10

2.3    Priority Tax Claims....................................................... 11

ARTICLE 3 CLASSIFICATION OF CLAIMS AND INTERESTS .................. 11

ARTICLE 4 PROVISIONS FOR TREATMENT OF CLAIMS AND INTERESTS ......... 12

4.1    Class 1.  Priority Claims. ............................................. 12

4.2    Class 2.  Sterling Secured Claim. ................................ 12

4.3    Class 3.  General Unsecured Claims............................ 14

4.4    Class 4.  Interests ........................................................ 14

ARTICLE 5 ACCEPTANCE OR REJECTION OF THIS PLAN ..................... 15

5.1    Each Impaired Class Entitled to Vote Separately.......... 15

5.2    Acceptance by a Class of Claims................................. 15

ARTICLE 6 MEANS FOR IMPLEMENTATION AND EXECUTION OF THIS
PLAN ............................................................................ 16

6.1    Effective Date Transactions.......................................... 16

6.2    Amendment of Operating Agreement. .......................... 16

6.3    Continuation of Business. ............................................. 16

6.4    Management and Operations. ....................................... 16

6.5    Plan Funding. ............................................................... 17

6.6    Preservation of Causes of Action and Avoidance Actions........... 17

6.7    Compensation of Professionals..................................... 17

ARTICLE 7 PROVISIONS GOVERNING DISTRIBUTIONS AND DISPUTED
CLAIMS ......................................................................... 17

7.1    Disbursing Agent. ........................................................ 17

7.2    Record Date. ................................................................ 18

7.3    Timing of Distributions. ................................................ 18

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

DEBTOR'S PLAN OF REORGANIZATION
DATED APRIL 1, 2011 – i
76262-0001/LEGAL20472229.7

TABLE OF CONTENTS
(continued)

Page

7.4    Withholding Taxes.................................................................................. 18

7.5    Third Party Recoveries. ...................................................................... 18

7.6    Fractional Cents. ................................................................................. 18

7.7    No Distributions Under Twenty Dollars............................................. 18

7.8    Undeliverable or Unclaimed Distributions........................................ 19

7.9    Time Bar to Cashing Distribution Checks......................................... 19

7.10   Transmittal of Distributions and Notices. ......................................... 20

7.11   Disputed Claims. ................................................................................ 20

7.12   Procedure. .......................................................................................... 21

7.13   Disputed Distributions. ...................................................................... 21

7.14   Limitations on Filing or Amending Claims After the Confirmation
       Date. ................................................................................................... 21

7.15   No Distributions Pending Allowance. ............................................... 21

ARTICLE 8 TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED
       LEASES .............................................................................................. 22

8.1    General Assumption of Executory Contracts and Unexpired Leases........... 22

8.2    Cure of Assumed Contracts and Leases. .......................................... 22

8.3    Filing of Proofs of Claim. .................................................................. 23

ARTICLE 9 CONDITIONS PRECEDENT ............................................................... 23

9.1    Conditions Precedent to the Effective Date....................................... 23

9.2    Waiver of Conditions.......................................................................... 24

9.3    Notice of Effective Date. .................................................................... 24

ARTICLE 10 EFFECT OF CONFIRMATION ......................................................... 25

10.1   Effect of Appeals. ............................................................................... 25

10.2   Binding Effect..................................................................................... 25

10.3   Revesting of Property. ........................................................................ 25

10.4   Discharge. ........................................................................................... 25

10.5   Term of Injunction or Stays. .............................................................. 26

10.6   Injunction............................................................................................ 26

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

DEBTOR'S AMENDED PLAN OF REORGANIZATION
DATED MAY 20, 2011 – ii
76262-0001/LEGAL20472229.7

## TABLE OF CONTENTS
### (continued)

10.7    Exculpation. ................................................................................ 26

10.8    Effect on Insurance Policies. .................................................... 27

ARTICLE 11 MISCELLANEOUS PROVISIONS.......................................... 27

11.1    Revocation. ................................................................................. 27

11.2    Effect of Withdrawal or Revocation. .......................................... 27

11.3    Modifications. ............................................................................. 27

11.4    Bankruptcy Court to Retain Jurisdiction. ................................... 28

11.5    Election Pursuant to Section 1129(b) of the Bankruptcy Code. .................. 30

11.6    Consummation of the Plan............................................................ 30

11.7    Exemption from Transfer Taxes. ................................................. 30

11.8    Waivers. ...................................................................................... 31

11.9    Setoffs, Recoupments and Defenses............................................ 31

11.10   Cancellation of Documents Evidencing Unsecured Claims. ........ 32

11.11   No Retiree Benefits..................................................................... 32

11.12   Closing of the Bankruptcy Cases................................................ 32

11.13   Compromise of Controversies. ................................................... 32

11.14   Payment of Statutory Fees. ......................................................... 33

11.15   Notices. ....................................................................................... 33

11.16   Headings...................................................................................... 34

11.17   Construction................................................................................ 34

11.18   Governing Law. .......................................................................... 34

11.19   Successors and Assigns. ............................................................. 34

11.20   Exhibits........................................................................................ 34

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

DEBTOR'S AMENDED PLAN OF REORGANIZATION
DATED MAY 20, 2011 – iii
76262-0001/LEGAL20472229.7

Centralia Outlets, LLC proposes the following plan of reorganization pursuant to section 1121(a) of the Bankruptcy Code.

**ALL CREDITORS ARE ENCOURAGED TO CONSULT THE DISCLOSURE STATEMENT BEFORE VOTING TO ACCEPT OR REJECT THIS PLAN. THE DISCLOSURE STATEMENT CONTAINS A DISCUSSION OF THE DEBTOR'S PREPETITION AND POSTPETITION ACTIVITIES AND A SUMMARY AND ANALYSIS OF THIS PLAN.**

## ARTICLE 1
### DEFINITIONS

Whenever from the context it appears appropriate, each term stated in either the singular or the plural shall include the singular and the plural, and pronouns stated in the masculine, feminine or neuter shall include the masculine, feminine and the neuter. The words "herein," "hereto," "hereof," "hereunder" and others of similar import refer to this Plan as a whole and not to any particular article, section, subsection, or clause contained in this Plan. Any term used in this Plan that is not herein defined but is used in the Bankruptcy Code shall have the meaning assigned to the term in the Bankruptcy Code. Unless the context requires otherwise, the following words and phrases shall have the meaning set forth below when used in initially capitalized form in this Plan:

**"Administrative Claim"** means a Claim for payment of an administrative expense of a kind specified in section 503(b) of the Bankruptcy Code and referred to in section 507(a)(1) of the Bankruptcy Code, including, without limitation, the actual, necessary costs and expenses of preserving the Debtor's estate and operating the businesses of the Debtor, including wages, salaries, or commissions for services rendered after the Petition Date, compensation for legal and other services and reimbursement of expenses awarded under

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

section 330(a) or 331 of the Bankruptcy Code, and all fees and charges assessed against a Debtor's estate under section 1930 of title 28 of the United States Code, and all fees and charged assessed against a Debtor's estate under section 1930 of title 28 of the United States Code.

**"Allowed"** means with respect to Claims: (i) any Claim against either of the Debtor, proof of which is timely Filed, or which by order of the Bankruptcy Court is not or will not be required to be Filed; or (ii) any Claim that has been or is hereafter listed in the Schedules Filed by either Debtor as liquidated in amount and not disputed or contingent and in each case as to which either (a) no objection to the allowance thereof has been interposed within the applicable period of time fixed by the Bankruptcy Code, the Bankruptcy Rules or the Bankruptcy Court or (b) such an objection is so interposed and the Claim will have been allowed by a Final Order (but only to the extent so allowed), or (iii) any Claim Allowed pursuant to this Plan. A Claim is not an Allowed Claim merely because it has been described, treated or defined in this Plan. An Allowed Claim will not include interest on the principal amount of such Claim from and after the Petition Date, except as otherwise specifically provided in this Plan. Notwithstanding the foregoing, Claims will be Allowed to the extent that this Plan provides that they are deemed Allowed.

**"Assumed Contracts"** has the meaning set forth in Section 8.1 of this Plan.

**"Avoidance Actions"** means all avoidance claims arising under Chapter 5 of the Bankruptcy Code or otherwise and the proceeds thereof, of whatever kind or nature, and whether asserted or unasserted, including, but not limited to, all avoidance actions instituted pursuant to sections 510, 542, 544, 545, 547, 548, 549, 550, 551 and 553 of the Bankruptcy Code.

DEBTOR'S AMENDED PLAN OF REORGANIZATION
DATED MAY 20, 2011 – 2
76262-0001/LEGAL20472229.7

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**"Bankruptcy Case"** means the case under chapter 11 of the Bankruptcy Code concerning the Debtor commenced on the Petition Date.

**"Bankruptcy Code"** means title 11 of the United States Code, as amended from time to time, as applicable to the Bankruptcy Case.

**"Bankruptcy Court"** means the United States Bankruptcy Court for the Western District of Washington, which has jurisdiction over the Bankruptcy Case.

**"Bankruptcy Rules"** means the Federal Rules of Bankruptcy Procedure promulgated under section 2075 of title 28 of the United States Code, as amended from time to time, and any and all applicable local rules of the Bankruptcy Court, as the same may from time to time be in effect and applicable to the Bankruptcy Case and other related proceedings.

**"Bar Date"** means the date to be set pursuant to an Order of the Court as the last date to file proofs of claim against the Debtor.

**"Barnett"** or **"J. Barnett"** means Jerry Barnett, an individual.

**"Barnett Case"** means the joint bankruptcy case currently pending before the Bankruptcy Court under Case No. 10-46062.

**"Barnett Guaranty"** means that certain Guaranty executed by the Barnetts on February 13, 2007, in favor of Intervest-Mortgage Investment Company, pursuant to which the Barnetts guaranteed certain obligations of the Debtor under the Sterling Loan Documents.

**"Barnetts"** means J. Barnett and Katherine Barnett, husband and wife, and debtors in the Barnett Case.

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**"Business Day"** means any day other than a Saturday, Sunday or a "legal holiday" listed in Bankruptcy Rule 9006(a).

**"Cash"** means legal tender issued by the government of the United States of America irrespective of the method of payment.

**"Causes of Action"** means any and all causes of actions of the estate, of whatever kind or nature, and whether asserted or unasserted, including, without limitation Avoidance Actions.

**"Claim"** means (i) a right to payment from the estate (including, without limitation, a guaranty), whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (ii) a right to an equitable remedy for breach of performance from the estate if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

**"Class"** means a Class of Claims or Interests, as described in Article 3 of this Plan in accordance with section 1123(a)(1) of the Bankruptcy Code.

**"Confirmation"** means the entry of the Confirmation Order by the Bankruptcy Court confirming this Plan.

**"Confirmation Date"** means the date on which the Confirmation Order is entered on the docket maintained by the Bankruptcy Court.

**"Confirmation Hearing"** means the hearing to be held by the Bankruptcy Court to consider Confirmation of this Plan.

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**"Confirmation Order"** means the order of the Bankruptcy Court confirming this Plan under section 1129 of the Bankruptcy Code.

**"Cure"** means the distribution of Cash, or such other property or undertaking as may be agreed on by the parties, with respect to the assumption of an executory contract or unexpired lease under section 365(b) of the Bankruptcy Code, in an amount equal to all accrued, due and unpaid monetary obligations, without interest, as of the Effective Date, or such other amount as may be agreed on by the parties, under such executory contract or unexpired leases, to the extent such obligations are enforceable under the Bankruptcy Code and applicable nonbankruptcy law.

**"Debtor"** means Centralia Outlets, LLC, a Washington limited liability company.

**"Disclosure Statement"** means the disclosure statement, as amended, supplemented or modified from time to time, describing this Plan, prepared in accordance with section 1126(b) of the Bankruptcy Code.

**"Disputed Claim"** means (i) a Claim against the Debtor that was not timely Filed; (ii) a Claim against the Debtor, to the extent that a proof of Claim has been timely Filed or deemed timely Filed under applicable law, as to which an objection has been timely Filed by the Debtor or any other party in interest and which objection has not been withdrawn or has not been denied by a Final Order; (iii) a Claim for which no proof of claim was Filed and that was either not listed in the Schedules or listed in the Schedules as contingent, disputed or unliquidated; and (iv) the Claim of any creditor appealing the Confirmation Order.

**"Distribution Date"** means as to each Class of Claims, the date on which distributions are to be made as set forth in this Plan.

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

DEBTOR'S AMENDED PLAN OF REORGANIZATION
DATED MAY 20, 2011 – 5
76262-0001/LEGAL20472229.7

"**Effective Date**" means the day that (i) is at least fifteen (15) days after the Confirmation Date and (ii) all conditions precedent to this Plan as set forth in Section 9.1 have been satisfied, or, if such date is not a Business Day, the next succeeding Business Day; provided, that if a stay of the Confirmation Order is then in effect, the Effective Date will be the first Business Day after the stay is lifted. If the other requirements of the definition of Effective Date are satisfied, the Debtor may elect for the Effective Date to occur prior to the time set forth in subparagraph (i).

"**Entity**" means any individual, corporation, limited liability company or similar entity, limited or general partnership, joint venture, association, joint stock company, estate, entity, trust, trustee, U.S. Trustee, unincorporated organization, government, governmental unit (as defined in the Bankruptcy Code), agency or political subdivision thereof.

"**Fee Claim**" means a Claim under sections 326, 330 or 503 of the Bankruptcy Code for allowance of compensation and reimbursement of expenses in this Bankruptcy Case.

"**Filed**" means filed with the Bankruptcy Court in the Bankruptcy Case.

"**Final Order**" means an order, ruling or judgment that is no longer subject to review, reversal, modification or amendment by appeal or writ of certiorari.

"**Getty**" or "**R. Getty**" means Richard K. Getty, an individual.

"**Getty Case**" means the joint bankruptcy case currently pending before the Bankruptcy Court under Case No. 10-46061.

"**Getty Guaranty**" means that certain Guaranty executed by the Gettys on February 13, 2007, in favor of Intervest-Mortgage Investment Company, pursuant to which the Gettys guaranteed certain obligations of the Debtor under the Sterling Loan Documents.

DEBTOR'S AMENDED PLAN OF REORGANIZATION
DATED MAY 20, 2011 – 6
76262-0001/LEGAL20472229.7

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**"Gettys"** means R. Getty and Rhonda L. Getty, husband and wife, and debtors in the Getty Case.

**"Gladiator"** means Gladiator Investments, LLC, a Washington limited liability company, which is wholly owned by the Barnetts, and which owns thirty percent (30%) of Debtor's Interests.

**"Green Global"** means Green Global Investments, LLC, a Delaware limited liability company, which is wholly owned by the Gettys, and which owns seventy percent (70%) of Debtor's membership Interests.

**"Interests"** means the Debtor's limited liability company membership interests.

**"LIBOR"** means the one month London Interbank Offered Rate as reported by the Wall Street Journal.

**"Petition Date"** means December 3, 2010, the date this Bankruptcy Case was commenced.

**"Plan"** means this chapter 11 plan of reorganization together with all exhibits and attachments hereto, either in its present form or as it may be altered, amended or modified pursuant to Section 12.3 of this Plan and applicable provisions of the Bankruptcy Code and Bankruptcy Rules.

**"Plan Supplement"** means the document to be filed by the Debtor no later than ten (10) days prior to the date votes on the Plan are due, including such ancillary documents as forms of the Sterling Replacement Loan Documents, a list of Assumed Contracts, and other additional documents as Debtor may determine are appropriate.

DEBTOR'S AMENDED PLAN OF REORGANIZATION
DATED MAY 20, 2011 – 7
76262-0001/LEGAL20472229.7

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**"Priority Claim"** means any Claim, other than a Priority Tax Claim or an Administrative Claim, which is entitled to priority in payment under section 507(a) of the Bankruptcy Code.

**"Priority Tax Claim"** means any Claim that is entitled to priority in payment under section 507(a)(8) of the Bankruptcy Code.

**"Projections"** means the projections attached to the Disclosure Statement.

**"Pro Rata"** means at any particular time, with respect to each Class of Claims, the same proportion that the Allowed amount of a Claim in such Class of Claims bears to the aggregate of: (i) the Allowed amount of all such Claims, plus (ii) the aggregate asserted amount of all Disputed Claims of such Class of Claims, as reduced from time to time as and to the extent that the Allowed amount of such Claim is determined.

**"Reorganized Debtor"** refers to the Debtor on and after the Effective Date.

**"Schedules"** means the schedules of assets and liabilities Filed by each Debtor with the Bankruptcy Court in accordance with section 521(1) of the Bankruptcy Code, including any supplements or amendments made thereto pursuant to Bankruptcy Rule 1009.

**"Secured Claim"** means any Claim that is secured by a validly existing and properly perfected security interest, either by deed of trust, mortgage or financing statement, or pursuant to applicable law, in property of the Debtor.

**"Secured Tax Claim"** means any and all Claims of governmental units for ad valorem property taxes or similar impositions that are secured by statutory liens on any of the Debtor's property, whether real or personal, which liens take priority over all other liens against the same property.

**"Sterling"** means Sterling Savings Bank.

DEBTOR'S AMENDED PLAN OF REORGANIZATION
DATED MAY 20, 2011 – 8
76262-0001/LEGAL20472229.7

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Case 10-50029-BDL    Doc 126-1    Filed 05/20/11    Entered 05/20/11 12:44:51    Page 13 of 40

**"Sterling Allowed Secured Claim"** means the principal amount due under the Sterling Note plus interest at the nondefault rate and costs and expenses allowable in accordance with the Sterling Loan Documents and applicable law.

**"Sterling Collateral"** means Debtor's property of the same type that, as of the Petition Date, Sterling had a valid, enforceable security interest pursuant to the Sterling Loan Documents.

**"Sterling Loan Documents"** means the Sterling Note and the other loan documents executed on or about February 13, 2007, in connection with the Sterling Loan, including the Construction Loan Agreement, the Deed of Trust, Assignment of Rents and Security Agreement, and the Assignment of Leases and Cash Collateral.

**"Sterling Interest Rate"** means a fixed interest rate of 2.265%, which is equal to LIBOR as of the Petition Date (0.265%) plus 2%.

**"Sterling Maturity Date"** means the tenth anniversary of the Effective Date.

**"Sterling Monthly Interest Amount"** means the amount equal to one-twelfth (1/12) of the product of (a) the then-current principal balance under the Sterling Replacement Loan Documents and (b) the Sterling Interest Rate.

**"Sterling Note"** means that certain Promissory Note in the original principal amount of $30,750,000, dated as of February 13, 2007, executed by Debtor in favor of Interest-Mortgage Investment Company

**"Sterling Replacement Loan Documents"** means the Sterling Replacement Note and all other documents and agreements, if any, that will govern the respective rights and obligations of Sterling and the Reorganized Debtor. The form and content of the Sterling

DEBTOR'S AMENDED PLAN OF REORGANIZATION
DATED MAY 20, 2011 – 9
76262-0001/LEGAL20472229.7

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Replacement Loan Documents will be consistent with the terms of this Plan, and forms of the Sterling Replacement Loan Documents will be included with the Plan Supplement.

**"Sterling Replacement Note"** means the amended and restated promissory note to be given to Sterling by Reorganized Debtor evidencing Sterling's Secured Claim.

**"Unsecured Claim"** means an Allowed Claim not otherwise classified or designated in this Plan.

**"U.S. Trustee"** means the Office of the United States Trustee.

### ARTICLE 2
### PROVISIONS FOR TREATMENT OF ADMINISTRATIVE
### AND PRIORITY TAX CLAIMS

**2.1      Administrative Claims.**

Each Administrative Claim other than Fee Claims accrued on or before, but unpaid as of, the Effective Date will be paid in full in Cash on the latest of: (i) the Effective Date; (ii) the date on which the Bankruptcy Court enters an order allowing such Administrative Claim; or (iii) the date on which the Debtor or the Reorganized Debtor, as the case may be, and the holder of such Allowed Administrative Claim otherwise agree in writing; provided, however, that Administrative Claims representing indebtedness or other obligations incurred in the ordinary course of business of the Debtor will be paid in the ordinary course of business and in accordance with any terms and conditions of any agreement or order relating thereto.

**2.2      Professional Fees.**

Each professional person, whose retention or appointment in the Bankruptcy Cases has been approved by the Bankruptcy Court, and who holds or asserts a Fee Claim, shall file with the Bankruptcy Court and serve on all parties required to receive notice a final fee

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

DEBTOR'S AMENDED PLAN OF REORGANIZATION
DATED MAY 20, 2011 – 10
76262-0001/LEGAL20472229.7

application within 45 days after the Effective Date. The failure to timely file the fee application as required under this Section 2.2 will result in the Fee Claim being forever barred and discharged. A Fee Claim with respect to which a fee application has been properly Filed pursuant to this Section 2.2 will become an Allowed Administrative Claim only to the extent allowed by Final Order. All Allowed Fee Claims shall be paid by the Reorganized Debtor from Cash from operations or through application of any retainer held by such professional person.

**2.3    Priority Tax Claims.**

Each holder of an Allowed Priority Tax Claim will be paid the full amount of its Allowed Priority Tax Claim on the Effective Date.

**ARTICLE 3**
**CLASSIFICATION OF CLAIMS AND INTERESTS**

Pursuant to section 1122 of the Bankruptcy Code, the following table (a) designates the Classes of Claims against, and Interests in the Debtor, (b) specifies the Classes of Claims and Interests that are Impaired by the Plan and therefore are deemed to reject the Plan or are entitled to vote to accept or reject the Plan in accordance with section 1126 of the Bankruptcy Code, and (c) specifies the Classes of Claims and Interests that are Unimpaired by the Plan and therefore are deemed to accept the Plan in accordance with section 1126 of the Bankruptcy Code. Administrative Claims and Priority Tax Claims of the kinds specified in section 507(a)(8) of the Bankruptcy Code (the treatment of which is set forth in Article 2 above) have not been classified and are excluded from the following Classes, in accordance with section 1123(a)(1) of the Bankruptcy Code.

| Class | Designation | Impairment | Entitled to Vote |
|-------|-------------|------------|------------------|
| 1 | Allowed Priority Claims | No | No (deemed to accept) |

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

DEBTOR'S AMENDED PLAN OF REORGANIZATION
DATED MAY 20, 2011 – 11
76262-0001/LEGAL20472229.7

| | | | |
|---|---|---|---|
| 2 | Allowed Sterling Secured Claim | Yes | Yes |
| 3 | Allowed Unsecured Claim | Yes | Yes |
| 4 | Allowed Interests | No | No |

## ARTICLE 4
## PROVISIONS FOR TREATMENT OF CLAIMS AND INTERESTS

The treatment of and consideration to be received by holders of Allowed Claims pursuant to this Plan will be in full settlement, release and discharge of their respective Allowed Claims unless otherwise specified herein.

**4.1 Class 1. Priority Claims.**

Class 1 is unimpaired. On the latest of: (i) the Effective Date; (ii) ten days after the date a Priority Claim becomes an Allowed Claim; and (iii) the date on which the Debtor or the Reorganized Debtor, as the case may be, and the holder of such Allowed Priority Claim otherwise agree in writing, each holder of an Allowed Priority Claim will be entitled to receive Cash in an amount sufficient to render the Allowed Priority Claim unimpaired under section 1124 of the Bankruptcy Code, in full settlement, release and discharge of such Allowed Priority Claim.

**4.2 Class 2. Sterling Secured Claim.**

Class 2 is impaired by this Plan and Sterling is entitled to vote on this Plan. Sterling shall receive the treatment described in this section on account of the Sterling Allowed Secured Claim.

(a) On the Effective Date, Reorganized Debtor shall execute and deliver to Sterling the Sterling Replacement Note and any other Sterling Replacement Loan Documents. Forms of the Sterling Replacement Loan Documents will be included with the Plan Supplement, which shall be filed no later than ten (10) days prior to the date votes on

DEBTOR'S AMENDED PLAN OF REORGANIZATION
DATED MAY 20, 2011 – 12
76262-0001/LEGAL20472229.7

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Case 10-50029-BDL   Doc 126-1   Filed 05/20/11   Entered 05/20/11 12:44:51   Page 17 of 40

the plan are due. The Sterling Replacement Loan Documents will incorporate the terms of, and otherwise be consistent with, the terms of the Plan.

(b) The principal amount of the Sterling Replacement Note shall be equal to the amount of the Sterling Allowed Secured Claim. Interest shall accrue at the Sterling Interest Rate from the Effective Date until the principal balance is paid in full, but in any event no later than the Sterling Maturity Date. If Centralia objects to the amount of Sterling's Claim, Centralia will continue making payments based on the undisputed amount and, if necessary, make adjustments to later payments after the amount of the claim is determined by agreement of the parties or by Order of the Court. Sterling's claim shall remain secured by the Sterling Collateral.

(b) The Sterling Loan Documents shall provide that the indebtedness thereunder may be paid prior to the Maturity Date without penalty.

(c) Reorganized Debtor may assign all of its rights and obligations under the Sterling Replacement Loan Documents to any party that (i) purchases substantially all of Reorganized Debtor's assets and (ii) agrees to assume all obligations under the Sterling Replacement Loan Documents. Upon assignment of its rights and obligations under the Sterling Replacement Loan Documents, Reorganized Debtor will have no further obligations with respect to the Sterling Allowed Secured Claim.

(d) Reorganized Debtor shall make payments under the Sterling Replacement Loan Documents as follows:

        (i) from the Effective Date until the second anniversary of the Effective Date, monthly payments equal to the Sterling Monthly Interest Amount;

DEBTOR'S AMENDED PLAN OF REORGANIZATION
DATED MAY 20, 2011 – 13
76262-0001/LEGAL20472229.7

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

       (ii)     thereafter until the fifth anniversary of the Effective Date, monthly payments equal to the Sterling Monthly Interest Amount plus $10,000;

       (iii)    thereafter, until the tenth anniversary of the Effective Date, monthly payments equal to the Sterling Monthly Interest Amount plus $15,000;

       (iv)    on the Maturity Date, a payment equal to the remaining balance, if any, under the Sterling Replacement Note, including any accrued interest or other charges.

(e)     The obligations of the Gettys under the Getty Guaranty and of the Barnetts under the Barnett Guaranty, will be determined in the Bankruptcy Court in the Getty Case and the Barnett Case, respectively, or such other forum as the Bankruptcy Court directs. Sterling and Centralia reserve their rights regarding the proper allocation of any payments received by Sterling from the Gettys or Barnetss.

**4.3    Class 3. General Unsecured Claims.**

Class 3 is impaired by this Plan and holders of Class 3 claims are entitled to vote on this Plan. Holders of Class 3 claims shall receive payment of their Allowed Unsecured Claims as follows: (i) one half on the later of the Effective Date and ten (10) days after such claim is allowed, and (ii) one half on the later of sixty (60) days after Effective Date and ten (10) days after such claim is allowed, together with interest from the Effective Date at the Sterling Interest Rate.

**4.4    Class 4. Interests**

Class 4 is unimpaired by this Plan and the holders of the Interests of Debtor shall be deemed to accept this Plan. Class 4 consists of Green Global, which owns seventy percent (70%) of Debtor's Interests, and Gladiator, which owns thirty percent (30%) of Debtor's

DEBTOR'S AMENDED PLAN OF REORGANIZATION
DATED MAY 20, 2011 – 14
76262-0001/LEGAL20472229.7

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Case 10-50029-BDL   Doc 126-1   Filed 05/20/11   Entered 05/20/11 12:44:51   Page 19 of 40

Interests. Green Global and Gladiator shall retain their Interests in Reorganized Debtor. Reorganized Debtor shall continue to be managed by R. Getty.

## ARTICLE 5
## ACCEPTANCE OR REJECTION OF THIS PLAN

**5.1    Each Impaired Class Entitled to Vote Separately.**

The holders of Claims in Classes 2 and 3 will be entitled to vote separately as a Class to accept or reject this Plan.  The holders of Priority Claims (Class 1) and Interests (Class 4) are not impaired and are deemed to have accepted this Plan.

**5.2    Acceptance by a Class of Claims.**

Consistent with section 1126(c) of the Bankruptcy Code, and except as provided in section 1126(e) of the Bankruptcy Code, a Class of Claims shall have accepted this Plan if this Plan is accepted by at least two-thirds in dollar amount and more than one-half in number of the holders of the Allowed Claims of such Class that have timely and properly voted to accept or reject this Plan.  If creditors in a Class (i) fail to vote to either accept or reject this Plan and (ii) fail to object to this Plan, such Class shall be deemed to accept this Plan.

DEBTOR'S AMENDED PLAN OF REORGANIZATION
DATED MAY 20, 2011 – 15
76262-0001/LEGAL20472229.7

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Case 10-50029-BDL    Doc 126-1    Filed 05/20/11    Entered 05/20/11 12:44:51    Page 20 of 40

**ARTICLE 6**
**MEANS FOR IMPLEMENTATION AND EXECUTION OF THIS PLAN**

**6.1     Effective Date Transactions.**

On the Effective Date, or as soon thereafter as is practicable, among other things the Reorganized Debtor shall execute and deliver all documents, instruments and agreements that are necessary to implement this Plan.

**6.2     Amendment of Operating Agreement.**

Debtor's limited liability company operating agreement and bylaws may be amended as necessary to comply with the provisions of section 1123(a)(6) of the Bankruptcy Code and otherwise in a manner not inconsistent with this Plan.

**6.3     Continuation of Business.**

Upon confirmation of this Plan, the Reorganized Debtor will continue its legal existence and will be revested with title to all property of its estate.  From and after the Effective Date, the Reorganized Debtor shall operate its business in a manner consistent with this Plan.

**6.4     Management and Operations.**

Upon the occurrence of the Effective Date, the Reorganized Debtor shall be authorized to operate its business and to use, sell, lease or otherwise dispose of its property, including making distributions to Interest holders, free of any restrictions contained in the Bankruptcy Code or Bankruptcy Rules, but subject to applicable non-bankruptcy law and the provisions of this Plan.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

DEBTOR'S AMENDED PLAN OF REORGANIZATION
DATED MAY 20, 2011 – 16
76262-0001/LEGAL20472229.7

Case 10-50029-BDL    Doc 126-1    Filed 05/20/11    Entered 05/20/11 12:44:51    Page 21 of 40

**6.5    Plan Funding.**

This Plan shall be funded by a combination of the Debtor's Cash on hand as of the Effective Date and Cash that is collected or generated by Reorganized Debtor after the Effective Date.

**6.6    Preservation of Causes of Action and Avoidance Actions.**

All Causes of Action and Avoidance Actions are preserved and reserved for later adjudication in accordance with this Plan, and therefore no preclusion doctrine, including, without limitation, the doctrines of *res judicata*, collateral estoppel, issue preclusion, claim preclusion, estoppel (judicial, equitable or otherwise) or laches will apply to those Claims or causes of action on or after Confirmation or the Effective Date of this Plan.  The failure to specifically list or otherwise identify an Avoidance Claim or Cause of Action in this Plan or the Disclosure Statement:  (i) is not intended to effect, and to the extent permitted by law will not be deemed to effect a release or waiver of such Avoidance Claim or Cause of Action; and (ii) is not intended to impair, and to the extent permitted by law will not impair, the Reorganized Debtor' right to pursue such an Avoidance Claim or Cause of Action.

**6.7    Compensation of Professionals.**

All professionals employed after the Effective Date by the Reorganized Debtor and prior to the closing of the Bankruptcy Case will be paid by the Reorganized Debtor without the need for Bankruptcy Court approval.

**ARTICLE 7**
**PROVISIONS GOVERNING DISTRIBUTIONS AND DISPUTED CLAIMS**

**7.1    Disbursing Agent.**

Reorganized Debtor shall act as the disbursing agent for all disbursements required under this Plan.

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

DEBTOR'S AMENDED PLAN OF REORGANIZATION
DATED MAY 20, 2011 – 17
76262-0001/LEGAL20472229.7

**7.2    Record Date.**

The record date for distributions will be the date of approval of the Disclosure Statement or any later date established by order of the Bankruptcy Court.

**7.3    Timing of Distributions.**

Except as otherwise provided for herein or ordered by the Bankruptcy Court, distributions under this Plan shall be made on the Effective Date or as soon thereafter as is practicable.

**7.4    Withholding Taxes.**

Any federal, state, or local withholding taxes or other amounts required to be withheld under applicable law will be deducted by the Reorganized Debtor from all distributions.  All Entities holding Claims shall provide any information necessary to effect the withholding of such taxes.

**7.5    Third Party Recoveries.**

To the extent that any creditor entitled to payment under this Plan receives payment in full or in part on any amounts asserted against the Debtor, such creditor's Claim shall be reduced by any such payment or distribution.

**7.6    Fractional Cents.**

Any other provision of this Plan to the contrary notwithstanding, no payment of fractions of cents will be made. Whenever any payment of a fraction of a cent would otherwise be called for, the actual payment will reflect a rounding down of such fraction to the nearest whole cent.

**7.7    No Distributions Under Twenty Dollars.**

No distribution of less than $20.00 shall be made to the holder of any Allowed Claim and all such Claims are discharged.

DEBTOR'S AMENDED PLAN OF REORGANIZATION
DATED MAY 20, 2011 – 18
76262-0001/LEGAL20472229.7

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

**7.8    Undeliverable or Unclaimed Distributions.**

For a period of 180 days after any particular distribution is made pursuant to this Plan, distributions that are unclaimed, including (i) checks that have been returned as undeliverable without a proper forwarding address and (ii) checks that were not mailed or delivered because of the absence of a proper address to which to mail or deliver the same, shall be distributed to the holders of Allowed Claims entitled thereto upon presentment to the Reorganized Debtor of satisfactory proof of entitlement. The Reorganized Debtor shall make a reasonable effort to ascertain the correct mailing address from information generally available to the public for each holder of an Allowed Claim whose check or other property cannot be mailed or delivered because of the absence of a proper address or whose check has been returned without a proper forwarding address. On the first day after the expiration of such 180 day period (i) holders of Allowed Claims previously entitled to such undeliverable or unclaimed distribution shall no longer be entitled to such distribution and (ii) such Claims shall be deemed disallowed for all purposes, including any future distributions. Pursuant to Section 347(b) of the Bankruptcy Code, all disbursements made under this Plan that remain unclaimed as set forth herein shall become property of the Reorganized Debtor.

**7.9    Time Bar to Cashing Distribution Checks.**

The Reorganized Debtor may (but shall not be obligated to) stop payment on any check issued by it in respect of Allowed Claims if such check is not negotiated within 60 days after the date of issuance thereof. Any request for reissuance of any check shall be made to the Reorganized Debtor in accordance with this Plan, by the holder of the Allowed Claim to whom such check originally was issued, prior to the expiration of the 180 day period set forth in this Section 7.8 of this Plan. After such date, the holder of any such

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

DEBTOR'S AMENDED PLAN OF REORGANIZATION
DATED MAY 20, 2011 – 19
76262-0001/LEGAL20472229.7

Claim who has failed to make a timely request for reissuance of such a voided check shall not be entitled to any other or further distribution under this Plan on account of such voided check or such Claim.

**7.10    Transmittal of Distributions and Notices.**

Any property or notices, including distributions, that an entity is or becomes entitled to receive pursuant to this Plan may be delivered by regular mail, postage prepaid, in an envelope addressed to that entity at the address indicated on a properly Filed proof of claim or, absent such a proof of claim, the address that is listed on either of the Debtor's schedules, as they may from time to time be amended in accordance with Bankruptcy Rule 1009; provided, however, that a holder of a Claim may designate a different address for notices and distributions by notifying the Reorganized Debtor in writing of a change of address. The new address shall be effective a reasonable time after receipt by Reorganized Debtor of such notice.

**7.11    Disputed Claims.**

Reorganized Debtor shall assert any objections to Sterling's Claim no later than 60 days after the Effective Date.  With respect to all other Claims, the Reorganized Debtor shall have the exclusive right to file objections to the allowance of such Claims and shall assert such objections no later than 120 days after the Effective Date, unless for cause shown the Bankruptcy Court extends such deadline.  No disbursement shall be made on account of a Disputed Claim as to which an objection has been interposed or as to which a counterclaim or setoff has been asserted, unless and until the objection, counterclaim or setoff is finally resolved and such Disputed Claim is Allowed.  Once a Disputed Claim is Allowed, the Reorganized Debtor shall make distributions on such Claim on as set forth in this Plan.

DEBTOR'S AMENDED PLAN OF REORGANIZATION
DATED MAY 20, 2011 – 20
76262-0001/LEGAL20472229.7

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

**7.12    Procedure.**

Unless otherwise ordered by the Bankruptcy Court, the Reorganized Debtor will litigate the merits of each Disputed Claim until determined by a Final Order; provided, however, that the Reorganized Debtor may without approval of the Bankruptcy Court settle any Disputed Claim in an amount less than $50,000, but shall be required to seek Bankruptcy Court approval for the settlement of any Disputed Claim in excess of that amount.

**7.13    Disputed Distributions.**

If any dispute arises as to the identity of a holder of an Allowed Claim who is to receive any distribution under this Plan, the Reorganized Debtor shall not make any distributions to such creditor, but shall reserve funds for such until the disposition thereof shall be determined by court order or by written agreement among the interested parties to such dispute.

**7.14    Limitations on Filing or Amending Claims After the Confirmation Date.**

Except as otherwise provided in this Plan, after the Confirmation Date, a proof of claim may be amended by the holder of such Claim solely to decrease, but not to increase, the amount of such Claim.  Except as otherwise provided in this Plan and in the immediately preceding sentence, any proof of claim (whether Filed to assert a new Claim or to amend a previously Filed Claim) Filed after the Confirmation Date shall be deemed disallowed in full and expunged without any action by the Reorganized Debtor.

**7.15    No Distributions Pending Allowance.**

Notwithstanding any other provision of this Plan, no distributions under this Plan shall be made with respect to all or any portion of a Disputed Claim unless and until all objections to such Disputed Claim have been settled or withdrawn or have been determined

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

by Final Order. No holder of a Disputed Claim shall have any Claim against the Reorganized Debtor on account of such Disputed Claim unless and until such Disputed Claim becomes an Allowed Claim.

## ARTICLE 8
## TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES

### 8.1    General Assumption of Executory Contracts and Unexpired Leases.

Entry of the Confirmation Order will constitute Bankruptcy Court approval of Debtor's (a) assumption, effective as of the Effective Date, of the executory contracts and unexpired leases set forth on the Plan Supplement (the "**Assumed Contracts**"), and (b) rejection, effective as of the Effective Date, of (i) the executory contracts and unexpired leases set forth in the Plan Supplement, and (ii) all executory contracts and unexpired leases to which Debtor is a party as of the Confirmation Date that have not yet been assumed or rejected, are not on the schedule of Assumed Contracts in the Plan Supplement, and are not the subject of a motion to assume or reject pending as of the Confirmation Date.

### 8.2    Cure of Assumed Contracts and Leases.

Any monetary amounts that are in default under a contract or lease that is assumed pursuant to this Plan (i.e., the Assumed Contracts") shall be satisfied by Cure. The Plan Supplement shall contain a proposed Cure amount for each Assumed Contract. Any person who disputes the proposed Cure amount shall file an objection no later than two days prior to the Confirmation Hearing. In the event of a dispute regarding (i) the nature or the amount of any Cure, (ii) the ability of the Reorganized Debtor to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under any such contract or lease, or (iii) any other matter pertaining to the assumption of such a

DEBTOR'S AMENDED PLAN OF REORGANIZATION
DATED MAY 20, 2011 – 22
76262-0001/LEGAL20472229.7

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

contract or lease, Cure shall occur immediately following the entry of a Final Order resolving the dispute. Cure costs shall be paid by the Reorganized Debtor.

**8.3    Filing of Proofs of Claim.**

All proofs of claim with respect to Claims arising from the rejection of executory contracts or unexpired leases must be Filed with the Bankruptcy Court within 30 days after the Effective Date or entry of an order of the Bankruptcy Court approving rejection of a specific executory contract or unexpired lease, whichever is later. Failure to file such a proof of claim within the time provided will forever bar assertion of such a Claim.

**ARTICLE 9**
**CONDITIONS PRECEDENT**

**9.1    Conditions Precedent to the Effective Date.**

The following are conditions precedent to the occurrence of the Effective Date, each of which must be satisfied or waived in accordance with this Section 9.1 of this Plan:

(a)    The Bankruptcy Court shall have entered the Confirmation Order, in form and substance reasonably satisfactory to the Debtor which shall, among other things, (i) find that this Plan complies with all applicable requirements of the Bankruptcy Code, (ii) decree that the Confirmation Order shall supersede any Court orders issued prior to the Confirmation Date that may be inconsistent therewith, (iii) decree that, except as otherwise provided in this Plan or in the Confirmation Order, all transfers of property contemplated under this Plan shall be free and clear of all Claims, security interests, liens, encumbrances and other interests of holders of Claims and Interests, (iv) provide that any and all executory contracts and unexpired leases that are assumed pursuant to this Plan shall remain in full force and effect for the benefit of the Reorganized Debtor, in each case, notwithstanding any provision in any such contract or lease or in applicable law (including those described in

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

DEBTOR'S AMENDED PLAN OF REORGANIZATION
DATED MAY 20, 2011 – 23
76262-0001/LEGAL20472229.7

Case 10-50029-BDL    Doc 126-1    Filed 05/20/11    Entered 05/20/11 12:44:51    Page 28 of 40

sections 365(b)(2) and (f) of the Bankruptcy Code) that prohibits, restricts or conditions such transfer or that enables or requires termination or modification of such contract or lease; and (v) authorize the Debtor or the Reorganized Debtor to take all actions necessary or appropriate to enter into, implement and consummate the contracts, instruments, releases, leases, indentures and other agreements or documents created in connection with this Plan.

(b)     No stay of the Confirmation Order shall be in effect at the time the other conditions set forth in this Section 9.1 have been satisfied or waived.

(c)     All documents, instruments and agreements, each in form and substance satisfactory to the Debtor, provided for under or necessary to implement this Plan, including without limitation, the Sterling Replacement Loan Documents, shall have been executed and delivered by the parties thereto, unless such execution or delivery has been waived by the party to be benefited thereby.

**9.2     Waiver of Conditions.**

Except as provided herein, the conditions set forth above may only be waived in whole or in part by the Debtor.

**9.3     Notice of Effective Date.**

On the first business day after the Confirmation Date on which all conditions to effectiveness of this Plan are satisfied or waived as provided in this Article 9, or as soon thereafter as is reasonably practicable, the Debtor shall file with the Bankruptcy Court a notice that states the date on which the Effective Date occurred. This Plan shall be deemed to be effective as of 12:01 a.m. (prevailing Pacific Time) on the Effective Date set forth in such notice Filed with the Bankruptcy Court.

DEBTOR'S AMENDED PLAN OF REORGANIZATION
DATED MAY 20, 2011 – 24
76262-0001/LEGAL20472229.7

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Case 10-50029-BDL    Doc 126-1    Filed 05/20/11    Entered 05/20/11 12:44:51    Page 29 of 40

**ARTICLE 10**
**EFFECT OF CONFIRMATION**

**10.1    Effect of Appeals.**

Notwithstanding the pendency of an appeal from the Confirmation Order or the timely service and filing of a motion under Bankruptcy Rules 7052, 8002(b), 8002(c), 8003, 8015, 9023 or 9024, the Debtor may, but shall not be required to, consummate this Plan, unless the Confirmation Order is stayed pending appeal.

**10.2    Binding Effect.**

On the Effective Date, pursuant to section 1141(a) of the Bankruptcy Code, the provisions of this Plan shall bind the Debtor, the Reorganized Debtor, all Creditors and all holders of Interests, including each of their respective heirs, legal representatives, successors and assigns, whether or not they accept this Plan.

**10.3    Revesting of Property.**

As of the Effective Date, pursuant to sections 1123(a)(5) and 1141 of the Bankruptcy Code, the Reorganized Debtor shall be revested with title to all property of its estate, free and clear of all liens, Claims and interests, except to the extent provided in this Plan or in the Confirmation Order.  As of the Effective Date, the Reorganized Debtor may use and dispose and otherwise deal with such property and may conduct their affairs, in each case, without supervision of the Bankruptcy Court and free of any restrictions imposed by the Bankruptcy Code or the Bankruptcy Rules, other than those restrictions expressly imposed by this Plan or the Confirmation Order.

**10.4    Discharge.**

Except, as otherwise provided in this Plan or in the Confirmation Order, on the Effective Date, pursuant to section 1141(d) of the Bankruptcy Code, Debtor and

DEBTOR'S AMENDED PLAN OF REORGANIZATION
DATED MAY 20, 2011 – 25
76262-0001/LEGAL20472229.7

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Case 10-50029-BDL    Doc 126-1    Filed 05/20/11    Entered 05/20/11 12:44:51    Page 30 of 40

Reorganized Debtor shall be discharged from all liability on any and all Claims against Debtor that arose at any time before the Effective Date.

**10.5    Term of Injunction or Stays.**

Unless otherwise provided herein, any injunction or stay arising under or entered during this Bankruptcy Case under section 105 or 362 of the Bankruptcy Code or otherwise that is in existence on the Confirmation Date shall remain in full force and effect until the Effective Date.

**10.6    Injunction.**

*<u>Except as otherwise provided herein, from and after the Effective Date, all holders of Claims shall be permanently enjoined from commencing or continuing in any manner, any suit, action or other proceeding, on account of any Claim, interest, obligation, debt, right, cause of action, remedy or liability released, to be released, or otherwise dealt with pursuant to this Plan, against the Debtor, the Reorganized Debtor, or their property including any claims they may have against any asset of the Debtor's estate which are subject to administration to pay Claims.</u>*

**10.7    Exculpation.**

Neither the Debtor, nor any of its officers, directors, members, representatives or agents who served as such during this Bankruptcy Case, shall have or incur any liability to any Entity for any act or omission in connection with or arising out of the negotiation of this Plan, the pursuit of confirmation of this Plan, the pursuit of approval of the Disclosure Statement, the consummation of this Plan, the transactions contemplated and effectuated by this Plan, the administration of this Plan or any other act or omission during the administration of this Bankruptcy Case or the Debtor's estate.    Notwithstanding the

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

DEBTOR'S AMENDED PLAN OF REORGANIZATION
DATED MAY 20, 2011 – 26
76262-0001/LEGAL20472229.7

foregoing, Claims arising from gross negligence or willful misconduct on behalf of the Debtor are not waived or released in any manner by this Plan. In all respects, the Debtor will be entitled to rely upon the advice of counsel with respect to its duties and responsibilities under this Plan.

**10.8    Effect on Insurance Policies.**

Notwithstanding anything to the contrary contained elsewhere in this Plan, including any provision herein that purports to be preemptory or supervening, the respective rights, obligations and defenses of the insured and insurer under each insurance policy issued to the Debtor or under the agreements related to such policies shall be unaffected by this Plan. Any and all Claims of the insurers that issued such policies before the Petition Date, whether such Claims arise under the policy documents or otherwise, shall be classified and treated as Class 3 Claims.

**ARTICLE 11**
**MISCELLANEOUS PROVISIONS**

**11.1    Revocation.**

The Debtor reserves the right to revoke and withdraw this Plan at any time prior to the Confirmation Date.

**11.2    Effect of Withdrawal or Revocation.**

If the Debtor revokes or withdraws this Plan prior to the Confirmation Date, or if the Confirmation Date or the Effective Date does not occur, then this Plan will be deemed null and void.

**11.3    Modifications.**

The Debtor may propose amendments to or modifications of this Plan under section 1127 of the Bankruptcy Code at any time prior to the Confirmation. After the Confirmation

DEBTOR'S AMENDED PLAN OF REORGANIZATION
DATED MAY 20, 2011 – 27
76262-0001/LEGAL20472229.7

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Date, the Debtor may remedy any defects or omissions or reconcile any inconsistencies in this Plan or in the Confirmation Order in such manner as may be necessary to carry out the purposes and intent of this Plan so long as the interests of claimants are not materially and adversely affected.

**11.4    Bankruptcy Court to Retain Jurisdiction.**

The Bankruptcy Court will retain jurisdiction over all matters arising out of or related to this Bankruptcy Case and this Plan pursuant to sections 105(a) and 1142 of the Bankruptcy Code until the Effective Date.  From and after the Effective Date, until the Plan has been fully administered, including after the closing of this Bankruptcy Case by the Bankruptcy Court pursuant to section 350(a) of the Bankruptcy Code and Bankruptcy Rule 3022, the Bankruptcy Court will retain and have jurisdiction over the Debtor, its estate, the Reorganized Debtor, and this Bankruptcy Case for the purposes of determining all matters presented by or arising under this Plan, including, without limitation, jurisdiction to:

(i) enforce and administer the provisions of this Plan, including taking any action to enforce this Plan, and issue such orders as may be necessary for the implementation, execution and consummation of this Plan and the determination of any and all disputes arising under or in connection with this Plan;

(ii) determine the allowance or classification of Claims and determine any objections or disputes thereto;

(iii) determine any and all applications, motions, adversary proceedings, and contested matters pending before the Bankruptcy Court as of the Effective Date and arising in or related to this Bankruptcy Case or this Plan;

(iv) determine any and all Fee Claims incurred in this Bankruptcy Case;

DEBTOR'S AMENDED PLAN OF REORGANIZATION
DATED MAY 20, 2011 – 28
76262-0001/LEGAL20472229.7

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Case 10-50029-BDL    Doc 126-1    Filed 05/20/11    Entered 05/20/11 12:44:51    Page 33 of 40

(v) determine any other request for payment of Administrative Claims;

(vi) correct any defect, cure any omission or reconcile any inconsistency in this Plan or the Confirmation Order as may be necessary to carry out the provisions, purposes and intent of this Plan;

(vii) approve and confirm any modification of this Plan;

(viii) enter and implement such orders as may be appropriate if the Confirmation Order is for any reason stayed, revoked, modified, or vacated;

(ix) consider the compromise and settlement of any Claim against the Debtor or the Debtor's estate to the extent necessary under Section 7.12 or otherwise requested by a party in interest with respect to such Claim;

(x) determine such other matters as may be provided for in the Confirmation Order or as may from time to time be authorized under the provisions of the Bankruptcy Code or any other applicable law;

(xi) enforce all orders, judgments and rulings entered in connection with this Bankruptcy Case;

(xii) enforce, interpret and administer the provisions of this Plan, including, but not limited to, the provisions relating to the distributions to be made hereunder and to the transfer of any property hereunder;

(xiii) determine matters concerning federal, state or local taxes in accordance with sections 346, 505 and 1146 of the Bankruptcy Code;

(xiv) issue and enter such orders, consistent with sections 1142 and 105(a) of the Bankruptcy Code, as may be necessary to effectuate the consummation and full and complete implementation of this Plan; and

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

DEBTOR'S AMENDED PLAN OF REORGANIZATION
DATED MAY 20, 2011 – 29
76262-0001/LEGAL20472229.7

(xv) to exercise the jurisdiction granted pursuant to section 505(a) and (b) of the Bankruptcy Code to determine any and all federal, state, local and foreign tax liabilities of, any and all refunds of such tax paid by, the Debtor; and to enforce the protections granted the Debtor under section 525 of the Bankruptcy Code and applicable civil rights laws.

## 11.5    Election Pursuant to Section 1129(b) of the Bankruptcy Code.

The Debtor hereby requests confirmation of the Plan pursuant to section 1129(b) of the Bankruptcy Code if the requirements of all provisions of section 1129(a) of the Bankruptcy Code, except paragraph (a)(8) thereof, are met with regard to the Plan.   In determining whether the requirements of section 1129(a)(8) of the Bankruptcy Code have been met, any Class or subclass of a Class that does not contain as an element thereof an Allowed Claim or a Claim temporarily allowed under Bankruptcy Rule 3018 as of the date fixed by the Bankruptcy Court for filing acceptances or rejections of this Plan shall be deemed deleted from this Plan for purposes of voting to accept or reject this Plan and for purposes of determining acceptance or rejection of this Plan by such Class or subclass.

## 11.6    Consummation of the Plan.

The Debtor reserves the right to request that the Confirmation Order include (i) a finding by the Bankruptcy Court that Bankruptcy Rule 3020(e) shall not apply to the Confirmation Order, and (ii) the Bankruptcy Court's authorization for the Debtor to consummate the Plan immediately after entry of the Confirmation Order.

## 11.7    Exemption from Transfer Taxes.

Pursuant to section 1146(a) of the Bankruptcy Code, the delivery of any deed or other instrument of transfer under, in furtherance, or in connection with this Plan, whether

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

occurring prior or subsequent to the Confirmation Date, including any deeds, bills of sale or assignments executed in connection with any disposition of assets contemplated by this Plan, shall not be subject to any stamp tax, real estate transfer tax, excise tax, sales tax, use tax or other similar tax.

**11.8    Waivers.**

Except as otherwise provided in the Plan or in the Confirmation Order, any term of the Plan may be waived by the party benefited by the term to be waived.

**11.9    Setoffs, Recoupments and Defenses.**

Nothing contained in the Plan shall constitute a waiver or release by the Debtor or the Reorganized Debtor of any rights of setoff or recoupment, or of any defense, they may have with respect to any Claim (including, without limitation, rights under section 502(d) of the Bankruptcy Code). Except as otherwise provided in the Plan, in the Confirmation Order or in agreements previously approved by a Final Order, the Reorganized Debtor may, but will not be required to, set off against any Claim or any distributions with respect to such Claim any and all of the claims, rights and Causes of Action of any nature that the Debtor or the Reorganized Debtor, as applicable, may hold against the holder of such Claim; provided, however, that neither the failure to effect such a setoff, the allowance of any Claim, the payment of any distribution hereunder or any other action or omission of the Debtor or the Reorganized Debtor, as applicable, nor any provision of the Plan, shall constitute a waiver or release by the Debtor or the Reorganized Debtor, as applicable, of any such claims, rights and Causes of Action that the Debtor or the Reorganized Debtor, as applicable, may possess against such holder.

DEBTOR'S AMENDED PLAN OF REORGANIZATION
DATED MAY 20, 2011 – 31
76262-0001/LEGAL20472229.7

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Case 10-50029-BDL    Doc 126-1    Filed 05/20/11    Entered 05/20/11 12:44:51    Page 36 of 40

**11.10  Cancellation of Documents Evidencing Unsecured Claims.**

As of the Effective Date, any note, agreement, instrument or other document evidencing an Unsecured Claim in an impaired Class shall be deemed cancelled, null and void, except for the right, if any, to receive distributions under this Plan.

**11.11  No Retiree Benefits.**

The Debtor is not obligated to provide retiree benefits within the meaning of section 1114(a) of the Bankruptcy Code.  Thus, section 1129(a)(13) of the Bankruptcy Code does not apply to this Plan.

**11.12  Closing of the Bankruptcy Cases.**

As soon as practicable after the Effective Date, when the Reorganized Debtor deems appropriate, the Reorganized Debtor shall seek authority from the Bankruptcy Court to close its Bankruptcy Case in accordance with the Bankruptcy Code and the Bankruptcy Rules; provided, however, that entry of a final decree closing either of the Bankruptcy Cases shall, whether or not specified therein, be without prejudice to the right of the Reorganized Debtor or other party in interest to reopen the Bankruptcy Case for any matter over which the Bankruptcy Court has retained jurisdiction under this Plan.

**11.13  Compromise of Controversies.**

Pursuant to Bankruptcy Rule 9019, and in consideration for the classification, distributions and other benefits provided under the Plan, the provisions of the Plan shall constitute a good faith compromise and settlement of all Claims or controversies resolved pursuant to the Plan.  The entry of the Confirmation Order shall constitute the Bankruptcy Court's approval of each of the compromises and determination that such compromises and settlements are in the best interest of the Debtor and the estate.  The Debtor expressly reserves the right (with Court approval, following appropriate notice and opportunity for a

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

hearing) to compromise and settle other Claims and Causes of Action up to and including the Effective Date.

**11.14  Payment of Statutory Fees.**

The Reorganized Debtor will be responsible for timely payment of fees incurred pursuant to 28 U.S.C. § 1930(a)(6) until the Bankruptcy Cases are closed, converted, or dismissed.  After Confirmation, the Reorganized Debtor shall file a monthly financial report for each month, or portion thereof, that the Bankruptcy Case remains open.  The monthly financial report will include a statement of all disbursements made during the course of the month by the Reorganized Debtor, whether or not pursuant to this Plan.

**11.15  Notices.**

All notices, requests, demands or other communications in connection with or required to be given under this Plan, if any, will be in writing and will be sent by: (i) certified first class mail, return receipt requested, postage prepaid (deemed given when received as noted on return receipt); (ii) overnight courier, freight prepaid, receipt requested (deemed given when received as noted on receipt); (iii) facsimile (deemed given when received as noted on confirmation report); (iv) hand delivery, receipt requested (deemed given when received as noted on receipt), or (v) in the case of Debtor's counsel, email:

If to Reorganized Debtor, to:     Centralia Outlets, LLC
1145 Broadway Plaza, Suite 1300
Tacoma, WA 98402
Phone: (253) 383-2858_____
Attn: Richard K. Getty
Email: Richard@gettycorp.com

DEBTOR'S AMENDED PLAN OF REORGANIZATION
DATED MAY 20, 2011 – 33
76262-0001/LEGAL20472229.7

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

With a copy to:

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000
Attn: Alan D. Smith and
     Brian A. Jennings
Email: ADSmith@perkinscoie.com
       BJennings@perkinscoie.com

The above parties may, from time to time, change its address for future notices and other communications hereunder by filing a notice of the change of address with the Bankruptcy Court.

**11.16   Headings.**

The headings of the articles, sections and subsections of this Plan are inserted for convenience only and will not affect the interpretation hereof.

**11.17   Construction.**

The rules of construction used in section 102 of the Bankruptcy Code will apply to the construction of this Plan.

**11.18   Governing Law.**

Except to the extent that the Bankruptcy Code is applicable and preempts state law, the rights and obligations arising under this Plan will be governed by, and will be construed and enforced in accordance with, the laws of the State of Washington.

**11.19   Successors and Assigns.**

The rights and obligations of any Entity named or referred to in this Plan will be binding upon, and will inure to the benefit of, the successors and assigns of such Entity.

**11.20   Exhibits.**

All exhibits and schedules to this Plan are incorporated into and are part of this Plan as if set forth in full herein.

DEBTOR'S AMENDED PLAN OF REORGANIZATION
DATED MAY 20, 2011 – 34
76262-0001/LEGAL20472229.7

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Case 10-50029-BDL    Doc 126-1    Filed 05/20/11    Entered 05/20/11 12:44:51    Page 39 of 40

WHEREFORE, the Debtor requests entry of an order granting the relief requested herein and such other and further relief as is just and proper under the circumstances.

DATED: May 20, 2011

**PERKINS COIE LLP**

By: /s/ *Brian A. Jennings*
    Alan D. Smith, WSBA No. 24964
    ADSmith@perkinscoie.com
    Brian A. Jennings, WSBA No. 32509
    BJennings@perkinscoie.com
    1201 Third Avenue, Suite 4800
    Seattle, Washington 98101-3099
    Telephone: 206.359.8000
    Facsimile: 206.359.9000

Attorneys for Debtor
Centralia Outlets, LLC

DEBTOR'S AMENDED PLAN OF REORGANIZATION
DATED MAY 20, 2011 – 35
76262-0001/LEGAL20472229.7