UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| In re | Case No. 10-50029-BDL |
|---|---|
| CENTRALIA OUTLETS, LLC, | **ORDER (I) APPROVING DISCLOSURE STATEMENT; (II) FIXING THE RECORD DATE; (III) APPROVING THE NOTICE AND OBJECTION PROCEDURES IN RESPECT OF CONFIRMATION OF THE PLAN OF REORGANIZATION; (IV) APPROVING SOLICITATION PACKAGES AND PROCEDURES FOR DISTRIBUTION THEREOF; AND (V) APPROVING THE FORM OF BALLOT AND ESTABLISHING PROCEDURES FOR VOTING ON THE PLAN OF REORGANIZATION** |
| Debtor. | |

THIS MATTER came before the Court on motion (the "**Motion**") for an order (I) approving disclosure statement; (II) fixing the record date; (III) approving the notice and objection procedures in respect of confirmation of the plan of reorganization; (IV) approving solicitation packages and procedures for distribution thereof; and (V) approving the form of ballot and establishing procedures for voting on the plan of reorganization, filed by Centralia Outlets, LLC ("**Centralia**" or "**Debtor**"), as debtor in possession, pursuant to sections 105,

ORDER APPROVING DISCLOSURE
STATEMENT AND GRANTING RELATED
RELIEF – 1
76262-0001/LEGAL20598731.3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

502, 1125, 1126, and 1128 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2002, 3003, 3017, 3018 and 3020 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 3017-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Western District of Washington (the "**Local Rules**"). Having reviewed the pleadings and other documents submitted, the statements of counsel and the files and records in this matter; and being fully advised in the premises, the Court FINDS AND CONCLUDES AS FOLLOWS:

A. The Court has jurisdiction to consider the Motion under 28 U.S.C. §§ 157 and 1334 and consideration of the Motion and the relief requested therein constitute a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B. On December 3, 2010 (the "**Petition Date**"), Centralia filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Pursuant to sections 1107 and 1108 of the Bankruptcy Code, Centralia continues to manage its property as debtor and debtor in possession. No trustee, examiner or statutory committee has been appointed.

C. Centralia filed its Plan of Reorganization dated April 1, 2011 [Docket No. 74] (the "**Plan**") on April 1, 2011 and filed its Disclosure Statement for Plan of Reorganization dated April 1, 2011 [Docket No. 76] (the "**Disclosure Statement**") on April 4, 2011.

D. The only objection to the Disclosure Statement asserted, timely or otherwise, was the objection [Docket No. 116] (the "**Sterling Objection**") filed by Sterling Savings Bank ("**Sterling**"). The Sterling Objection was resolved by agreement of the parties and at the hearing on the First Disclosure Statement on May 18, 2011 (the "**Disclosure Statement Hearing**").

ORDER APPROVING DISCLOSURE
STATEMENT AND GRANTING RELATED
RELIEF – 2
76262-0001/LEGAL20598731.3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

E.      At the Disclosure Statement Hearing, the Court approved the Disclosure Statement, subject to certain amendments thereto, which also required certain conforming, nonmaterial changes to the Plan.  Thereafter, the Debtor filed its Amended Plan of Reorganization dated May 20, 2011 [Docket No. 125] (the "**Amended Plan**") and its Disclosure Statement for Amended Plan of Reorganization dated May 20, 2011 [Docket No. 126] (the "**Amended Disclosure Statement**").

F.      The Amended Disclosure Statement contains adequate information within the meaning of Section 1125 of the Bankruptcy Code.

G.      Notice of the hearing on the Motion and the deadline for filing objections to the Motion and the Disclosure Statement was provided to the Office of the U.S. Trustee, counsel for Sterling Savings Bank, all parties who have filed a request for notice in this case, and all parties receiving ECF notices.  Such notice was appropriate under the circumstances and no further notice need be given.

H.      Holders of claims and interests in Class 1 (Priority Claims) and Class 4 (Interests) are unimpaired and, thus, are conclusively presumed to accept the Amended Plan. Accordingly, holders of claims in those classes need not be provided with a copy of the Disclosure Statement but will be provided with a notice of non-voting status (the "**Notice of Non-Voting Status**") in substantially the form attached as Exhibit C.  The Notice of Non-Voting Status satisfies the Bankruptcy Code and the Bankruptcy Rules.

I.      The form of the ballot (the "**Ballot**"), substantially in the form annexed hereto as Exhibit B is sufficiently consistent with Official Form No. 14 and adequately addresses the particular needs of this Chapter 11 case and is appropriate for each class of claims or interests entitled to vote to accept or reject the Amended Plan.

ORDER APPROVING DISCLOSURE
STATEMENT AND GRANTING RELATED
RELIEF – 3
76262-0001/LEGAL20598731.3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

J.     The procedures for solicitation and tabulation of votes to accept or reject the Amended Plan (as set forth below) provide for a fair and equitable voting process and are consistent with Section 1126 of the Bankruptcy Code.

K.     The procedures set forth below regarding notice to all parties in interest of the time, date, and place of the hearing to consider confirmation of the Amended Plan (the "**Confirmation Hearing**") and the distribution and contents of the Solicitation Packages comply with Bankruptcy Rules 2002 and 3017 and constitute sufficient notice to all interested parties.

NOW, THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:

1.     The Motion is GRANTED in all respects.

2.     The Amended Disclosure Statement is APPROVED in all respects.

3.     All objections to the Disclosure Statement that have not been otherwise resolved are hereby overruled.

4.     Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

5.     The record date for determining which holders of Claims or Interests are or are not entitled to vote to accept or reject the Amended Plan and receive distributions pursuant to the Amended Plan is **May 11, 2011** (prevailing Pacific Time) (the "**Record Date**").

6.     A hearing (the "**Confirmation Hearing**") to consider confirmation of the Amended Plan will be held before the Honorable Brian D. Lynch of the United States Bankruptcy Court for the Western District of Washington, U.S. Bankruptcy Court at Union Station, 1717 Pacific Avenue, Suite 2100, Tacoma, Washington 98402, Courtroom I, on **July 15, 2011**, at **9:30 a.m.**; provided, however, that the Confirmation Hearing may be

ORDER APPROVING DISCLOSURE
STATEMENT AND GRANTING RELATED
RELIEF – 4
76262-0001/LEGAL20598731.3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

adjourned or continued from time to time by the Court or the Debtor without further notice other than adjournments announced in open Court or as indicated in any notice filed by the Debtor with the Court.

7.     The notice setting forth (i) the Voting Deadline (defined below), (ii) the Objection Deadline (defined below) and (iii) the time, date and place of the Confirmation Hearing (the "**Confirmation Hearing Notice**") substantially in the form annexed hereto as Exhibit A is APPROVED.

8.     Any objections to confirmation of the Amended Plan must (i) be in writing, (ii) state the name and address of the objecting party and the nature of the claim or interest of such party, (iii) state with particularity the basis and nature of any objection, and (iv) be filed, together with proof of service, with the Court, and be served so as to be actually filed and received no later than **July 5, 2011** at **5:00 p.m.** (prevailing Pacific Time), and (v) be served on (i) Perkins Coie LLP, counsel for the Debtors, 1201 Third Avenue, Suite 4800, Seattle, WA 98101 (Attn: Brian A. Jennings); and (ii) the Office of the U.S. Trustee, 700 Stewart Street, Suite 5103, Seattle, WA 98101 (Attn: Marjorie S. Raleigh).  Objections to confirmation of the Amended Plan that are not timely filed, served, and actually received in the manner set forth above shall not be considered and shall be deemed overruled.

9.     The Debtor shall file a Preconfirmation Report, file a summary of ballots, and reply or respond to any objections by **July 12, 2011**.

10.     The term "**Solicitation Package**" means the following items, unless otherwise provided: (a) this Order (excluding the exhibits annexed hereto); (b) the Confirmation Hearing Notice, (c) the Disclosure Statement as approved by the Court; (d) the Amended Plan (which may be included as an exhibit to the Disclosure Statement); (e) a

ORDER APPROVING DISCLOSURE
STATEMENT AND GRANTING RELATED
RELIEF – 5
76262-0001/LEGAL20598731.3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Ballot (as defined below); (f) a pre-addressed return envelope.(with a copy of the Amended Plan annexed thereto); and (g) such other materials as the Court may direct.

11. The Debtor shall complete the mailing of the Solicitation Packages on or before **June 1, 2011** (the "**Solicitation Date**") as follows:

      a. The Debtor shall distribute a copy the entire Solicitation Package to Classes 2 and 3 (the "**Voting Classes**");

      b. The Debtor shall distribute a notice of non-voting status substantially in the form attached hereto as Exhibit C and items (a) through (d) of the Solicitation Package to members of Classes 1 and 4 (the "**Non-Voting Classes**").

      c. The Debtor shall distribute items (a) through (d) of the Solicitation Package to the U.S. Trustee, the Internal Revenue Service, and any other governmental entity entitled to notice.

12. The Debtor is authorized to make non-substantive changes to the Disclosure Statement, the Amended Plan, and related documents without further order of the Court, including, without limitation, changes to correct typographical and grammatical errors and to make conforming changes among the Disclosure Statement, the Amended Plan, and any other materials in the Solicitation Packages prior to mailing.

13. The form of Ballot is APPROVED.

14. All Ballots must be properly executed, completed and delivered to Debtor's counsel (a) by first class mail in the return envelope provided, or otherwise, (b) by overnight courier, (c) by hand delivery, (d) by facsimile, or (e) as an email attachment in a standard recognized format (e.g., PDF), *so that it is actually received by Centralia's' counsel no later than 5:00 p.m. (prevailing Pacific Time) on* **July 11, 2011** (the "**Voting Deadline**").

15. The amount and classification of a claim for purposes of voting on the Amended Plan shall be determined as follows:

ORDER APPROVING DISCLOSURE
STATEMENT AND GRANTING RELATED
RELIEF – 6
76262-0001/LEGAL20598731.3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

(a)    If a proof of claim has not been timely filed (i.e. was not filed by the applicable bar date), the amount of a claim shall be equal to the amount, if any, listed in respect of such claim in Centralia's bankruptcy schedules (as may be amended from time to time, the "Schedules"), to the extent such claim is not listed as a contingent, unliquidated, undetermined or disputed (subject to any applicable limitations set forth below).  Such claim shall be placed in the appropriate class of the Amended Plan based on the Centralia's records and classification scheme set forth in the Amended Plan.

(b)    If a proof of claim has been timely filed for a liquidated, non-contingent claim, and has not been objected to by the Claim Objection Deadline (defined below) the amount and classification shall be that specified in such proof of claim for voting purposes only and shall not be binding for any other purpose, subject to any applicable limitations set forth below.

(c)    Centralia has objected to Sterling's classification of a portion of its claim as unsecured, but has consented to the allowance of Sterling's entire claim as a secured claim for voting purposes.  Whether a portion of Sterling's claim will be allowed as an unsecured claim for voting purposes  will be determined by Order of the Court following a separate hearing.

(d)    If a claim has been estimated or otherwise allowed for voting purposes by order of the Court, the amount and classification shall be that set by the Court.

(e)    Creditors shall not be entitled to vote claims to the extent such claims duplicate or have been superseded by other claims timely filed by or on behalf of such creditors.  Centralia shall determine, in its discretion, whether a claim is duplicative or has been superseded for voting purposes only.

(f)    If a creditor's proof of claim does not indicate the appropriate classification of a claim and the classification cannot be determined from the Schedules, the holder of such claim may only vote as an Unsecured Claim in either Class 3, unless otherwise permitted by a Court order before the Voting Deadline.

(g)    Any creditor with multiple claims in the same Class shall have one Claim for voting and distribution purposes and all such amounts will be aggregated into one Claim and such creditor shall be entitled to submit only one ballot.

ORDER APPROVING DISCLOSURE
STATEMENT AND GRANTING RELATED
RELIEF – 7
76262-0001/LEGAL20598731.3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

16.     The following Ballots will not be counted or considered for any purpose in determining whether the Amended Plan has been accepted or rejected:

        (a)     Any Ballot received after the Voting Deadline;

        (b)     Any Ballot sent by facsimile transmission or other electronic means that is illegible or contains insufficient information to permit the identification of the claim or equity interest holder;

        (c)     Any Ballot cast by a person or entity that does not hold an allowed claim or interest in a class that is entitled to vote to accept or reject the Amended Plan;

        (d)     Any Ballot that is properly completed, executed and timely returned but indicates both an acceptance and a rejection of the Amended Plan;

        (e)     Any form of Ballot other than the Ballot approved by the Court or a copy thereof;

        (f)     Any Ballot without an original signature; and

        (g)     Any Ballot that "splits" a vote in the same class to both accept the Amended Plan and reject the Amended Plan.

17.     In addition to the foregoing, with respect to any Class that is entitled to vote but for which (a) no ballots either accepting or rejecting the Amended Plan are received and (b) no objections to confirmation of the Amended Plan are received from any creditor in such Class, such Class be deemed to accept the Amended Plan.

18.     The Debtor is authorized to take or refrain from taking any action necessary or appropriate to implement the terms of and the relief granted in this Order without seeking further order of the Court.

ORDER APPROVING DISCLOSURE
STATEMENT AND GRANTING RELATED
RELIEF – 8
76262-0001/LEGAL20598731.3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Case 10-50029-BDL   Doc 135   Filed 05/26/11   Entered 05/26/11 13:19:13   Page 8 of 19

1
2
3          19.     All notices to be provided pursuant to the procedures set forth herein are

4
5     good and sufficient notice to all parties in interest of all matters pertinent hereto and of all

6
7     matters pertinent to the Confirmation Hearing and no other or further notice need be

8
9     provided.

10
11                                    # # # END OF ORDER # # #

12
13
14
15
16
17    Presented by:                                    Agreed to as to form:

18
19    **PERKINS COIE LLP**                             **WITHERSPOON KELLEY**

20
21
22    By:/*s/ Brian A. Jennings*_____       By:/*s/ Michael L. Loft*_____
23        Alan D. Smith, WSBA No. 24964                     Michael L. Loft, WSBA No. 8714
24        Brian A. Jennings, WSBA No. 32509
25
26
27    Attorneys for Debtor                             Counsel for Sterling Savings Bank
28    Centralia Outlets, LLC
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47


ORDER APPROVING DISCLOSURE                              **Perkins Coie LLP**
STATEMENT AND GRANTING RELATED                     1201 Third Avenue, Suite 4800
RELIEF – 9                                            Seattle, WA  98101-3099
76262-0001/LEGAL20598731.3                              Phone:  206.359.8000
                                                         Fax:  206.359.9000

**EXHIBIT A**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47

ORDER APPROVING DISCLOSURE
STATEMENT AND GRANTING RELATED
RELIEF – 10
76262-0001/LEGAL20598731.3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

The Honorable Brian Lynch
Chapter 11
Confirmation Hearing: July 15, 2011, 9:30 a.m.
Objection Deadline:      July 5, 2011, 5:00 p.m.
Voting Deadline:         July 11, 2011, 5:00 p.m.
Reply Deadline:          July 12, 2011
Preconfirm. Report:      July 12, 2011

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

In re

CENTRALIA OUTLETS, LLC,

             Debtor.

Case No. 10-50029-BDL

**NOTICE OF (I) APPROVAL OF
DISCLOSURE STATEMENT,
(II) ESTABLISHMENT OF RECORD
DATE, (III) HEARING ON PLAN
CONFIRMATION AND PROCEDURES
FOR OBJECTING TO PLAN, AND
(IV) PROCEDURES AND DEADLINE
FOR VOTING ON THE PLAN**

      **PLEASE TAKE NOTICE that:**

      **A.**      **Approval of Disclosure Statement.**  The United States Bankruptcy Court for the Western district of Washington at Tacoma (the "**Court**") entered an order (the "**Disclosure Statement Order**") approving the Disclosure Statement for Debtor's Amended Plan of Reorganization Dated May 20, 2011 (as it may be modified from time to time, the "**Disclosure Statement**") filed by Centralia Outlets, LLC ("**Debtor**"), debtor and debtor in possession in the captioned case.  The Disclosure Statement Order authorizes Debtor to solicit votes with respect to the acceptance or rejection of Debtor's Amended Plan of Reorganization dated May 20, 2011 (as it may be modified from time to time, the "**Plan**"). A copy of the Plan is included with this Notice.  Any capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

      **B.**      **Confirmation Hearing**.   A hearing (the "**Confirmation Hearing**") to consider confirmation of the Plan will be held before the Honorable Brian D. Lynch, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Western District of Washington, Union Station, 1717 Pacific Avenue, Courtroom I, Tacoma, Washington 98402-3233 on **July 15, 2011** at **9:30 a.m.**

NOTICE OF APPROVAL OF DISCLOSURE
STATEMENT AND RELATED DATES,
DEADLINES AND PROCEDURES – 1
76262-0001/LEGAL20595087.3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

The Confirmation Hearing may be adjourned or continued from time to time without further notice other than the announcement by the Debtor of the adjourned date(s) at the Confirmation Hearing or any continued hearing or as indicated in any notice filed by the Debtor with the Court. The Plan may be modified, if necessary, prior to, during, or as a result of the Confirmation Hearing.

**C.    Record Date for Voting Purposes**.  Pursuant to the Disclosure Statement Order, **May 11, 2011** (the "**Record Date**") shall be the record date for determining the holders of Claims and Interests entitled to vote to accept or reject the Plan.

**D.    Voting Deadline.**  All votes to accept or reject the Plan must be received by Debtor's counsel, Perkins Coie LLP, 1201 Third Avenue, Suite 4800, Seattle, Washington 98101, Attn: Brian A. Jennings, by no later than **July 11, 2011** at **5:00 p.m.** (prevailing Pacific Time).  Any failure to follow the voting instructions included with your Ballot may disqualify your Ballot and your vote.

**E.    Parties in Interest Not Entitled to Vote**.  Only holders of Allowed Claims or Interests impaired by the Plan are entitled to vote on the Plan.  Holders of unimpaired claims and interests in Class 1 (Priority Claims) and Class 4 (Interests) are unimpaired and deemed to have accepted the Plan and, therefore, are not entitled to vote on the Plan.

**F.    Objections to Confirmation.**  Any party in interest objecting to the Plan shall file an objection on or before **July 5, 2011** at **5:00 p.m.** (prevailing Pacific Time).  Any objection to confirmation of the Plan must: (i) be in writing; (ii) state the name and address of the objecting party and the nature of the claim or interest of the party; (iii) state with particularity the basis and nature of any objection nor proposed modification of the Plan; (iv) be filed with the Court; and (v) be served upon (a) Debtor's counsel, Perkins Coie LLP, 1201 Third Avenue, Suite 4800, Seattle, Washington 98101, Attn: Brian A. Jennings, and (b) the Office of the U.S. Trustee, 700 Stewart Street, Suite 5103, Seattle, Washington 98101. IF AN OBJECTION TO CONFIRMATION OF THE PLAN IS NOT FILED AND SERVED STRICTLY AS SET FORTH HEREIN, THE OBJECTING PARTY MAY BE BARRED FROM OBJECTING TO CONFIRMATION OF THE PLAN AND MAY NOT BE HEARD AT THE HEARING.  The Debtor may serve a reply to any response or objection by **July 12, 2011**.

**G.    Releases, Exculpations and Injunctive Relief**.  The Disclosure Statement describes, and the Plan includes, the following releases, exculpations and injunctive relief:

**[Section 10.6 Injunction]** Except as otherwise provided herein, from and after the Effective Date, all holders of Claims shall be permanently enjoined from commencing or continuing in any manner, any suit, action or other proceeding, on account of any Claim, interest, obligation, debt, right, cause of

NOTICE OF APPROVAL OF DISCLOSURE
STATEMENT AND RELATED DATES,
DEADLINES AND PROCEDURES – 2
76262-0001/LEGAL20595087.3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

action, remedy or liability released, to be released, or otherwise dealt with pursuant to this Plan against the Debtor, Reorganized Debtor, or their property, including any claims they may have against any asset of the Debtor's estate which are subject to administration to pay Claims.

**[Section 10.7 Exculpation]** Neither the Debtor, nor any of its officers, directors, members, representatives or agents who served as such during this Bankruptcy Case, shall have or incur any liability to any Entity for any act or omission in connection with or arising out of the negotiation of this Plan, the pursuit of confirmation of this Plan, the pursuit of approval of the Disclosure Statement, the consummation of this Plan, the transactions contemplated and effectuated by this Plan, the administration of this Plan or any other act or omission during the administration of this Bankruptcy Case or the Debtor's estate. Notwithstanding the foregoing, Claims arising from gross negligence or willful misconduct on behalf of the Debtor are not waived or released in any manner by this Plan. In all respects, the Debtor will be entitled to rely upon the advice of counsel with respect to its duties and responsibilities under this Plan.

**H.** **Additional Information**. Any party in interest wishing to obtain information about the solicitation procedures or copies of the Disclosure Statement or the Plan should (i) contact Debtor's counsel, Perkins Coie LLP, 1201 Third Avenue, Suite 4800, Seattle, Washington 98101, Attn: Brian A. Jennings by telephone at (206) 359-3679, by fax at (206) 359-4679, or by email at bjennings@perkinscoie.com or (ii) view such documents by accessing the Court's website: http://www.wawb.uscourts.gov. A PACER password and login are needed to access documents on the Court's website. A PACER password can be obtained at http://www.pacer.psc.uscourts.gov.

DATED: _____, 2011          **PERKINS COIE LLP**

By:/s/ _Brian A. Jennings_____
    Alan D. Smith, WSBA No. 24964
    ADSmith@perkinscoie.com
    Brian A. Jennings, WSBA No. 32509
    BJennings@perkinscoie.com
    1201 Third Avenue, Suite 4800
    Seattle, Washington 98101-3099
    Telephone:  206.359.8000
    Facsimile:  206.359.9000

    Attorneys for Debtor
    Centralia Outlets, LLC

NOTICE OF APPROVAL OF DISCLOSURE
STATEMENT AND RELATED DATES,
DEADLINES AND PROCEDURES – 3
76262-0001/LEGAL20595087.3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

**EXHIBIT B**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47

ORDER APPROVING DISCLOSURE
STATEMENT AND GRANTING RELATED
RELIEF – 11
76262-0001/LEGAL20598731.3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47

The Honorable Brian Lynch
Chapter 11
Voting Deadline:  July 11, 2011 by 5:00 p.m.

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

In re

CENTRALIA OUTLETS, LLC,

Debtor.

Case No. 10-50029-BDL

**BALLOT FOR ACCEPTING
OR REJECTING DEBTOR'S AMENDED
PLAN OF REORGANIZATION DATED
MAY 20, 2011**

Centralia Outlets, LLC ("**Debtor**"), debtor and debtor in possession in the captioned case, filed Debtor's Amended Plan of Reorganization dated May 20, 2011 (the "**Plan**").  The United States Bankruptcy Court for the Western District of Washington (the "**Court**") has approved the disclosure statement with respect to the Plan (the "**Disclosure Statement**"). The Disclosure Statement provides information provides information to assist you in deciding how to vote your ballot.  If you do not have a copy of the Disclosure Statement, you may obtain a copy by using the contact information below.  The Court's approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

The Plan may be confirmed by the Court if it is accepted by the holders of two-thirds in dollar amount and more than one-half in number of the holders of claims voting that have timely and properly voted to accept or reject this Plan.  In the event the requisite acceptances are not obtained, the Court may nevertheless confirm the Plan if the Court finds that the Plan accords "fair and equitable" treatment to the class rejecting the Plan.  "Fair and equitable" is defined in 11 U.S.C. § 1129(b).  To have your vote count, you must complete and return this Ballot **by 5:00 p.m. (prevailing Pacific Time) on Monday, July 11, 2010.**

BALLOT – 1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

76262-0001/LEGAL20919317.1

**THIS BALLOT IS FOR VOTING PURPOSES ONLY. THIS BALLOT DOES NOT CONSTITUTE A PROOF OF CLAIM AND MAY NOT BE USED TO FILE A CLAIM OR TO INCREASE ANY AMOUNT LISTED IN EITHER OF THE DEBTOR'S SCHEDULES.**

**If your Claim or Interest falls within Class 1 (Priority Claims) or Class 4 (Interests) your Claim or Interest is not impaired by the Plan. Pursuant to 11 U.S.C. § 1126(f), you are (i) deemed to accept the Plan and (ii) not entitled to vote on the Plan.**

**You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment. Perkins Coie LLP cannot give you legal advice.**

**Holders of CLAIMS in Class 2 (Sterling Secured Claim) and Class 3 (Unsecured Claims) complete this section:**

The undersigned, holder of a Class [__] claim in the amount of $[_____] hereby

☐    ACCEPTS                              ☐    REJECTS

| | |
|---|---|
| **IN ORDER TO HAVE YOUR VOTE COUNT, THIS BALLOT MUST BE RECEIVED BY 5:00 P.M. PACIFIC STANDARD TIME ON <u>JULY 11, 2011</u>.** | Name of Creditor: _____ <br><br> By: _____ <br><br> Name of Individual: _____ <br><br> Title: _____ <br><br> Address: _____ <br><br> _____ <br><br> Telephone: _____ <br><br> Dated: _____ |

**PLEASE RETURN YOUR BALLOTS** (a) by first class mail in the return envelope provided, or otherwise, (b) by overnight courier, (c) by hand delivery, (d) by facsimile, or (e) as an email attachment in a standard recognized format (e.g., PDF) **so that it is actually received by Debtor's counsel** on or before **Monday, July 11, 2011** at **5:00 p.m.** at the following address(es):

Brian A. Jennings
PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101
Telephone: (206) 359-3679
Fax: (206) 359-4679
Email: BJennings@perkinscoie.com

BALLOT – 2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

76262-0001/LEGAL20919317.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47

**EXHIBIT C**

ORDER APPROVING DISCLOSURE
STATEMENT AND GRANTING RELATED
RELIEF – 12
76262-0001/LEGAL20598731.3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| In re | Case No. 10-50029-BDL |
| CENTRALIA OUTLETS, LLC, | **NOTICE OF NONVOTING STATUS WITH RESPECT TO DEBTOR'S AMENDED PLAN OF REORGANIZATION DATED MAY 20, 2011** |
| Debtor. | |

**PLEASE TAKE NOTICE THAT** Centralia Outlets, LLC ("**Debtor**"), debtor and debtor in possession in the captioned case, filed Debtor's Amended Plan of Reorganization dated May 20, 2011 (the "**Plan**"). The United States Bankruptcy Court for the Western District of Washington (the "**Court**") has approved the disclosure statement with respect to the Plan (the "**Disclosure Statement**"). The Disclosure Statement authorizes Debtor to solicit votes to accept or reject the Plan.

**Under the terms of the Plan, your claim against or interest in the Debtor is not impaired and therefore pursuant to section 11 U.S.C. § 1126(f) you are (i) deemed to have accepted the Plan and (ii) not entitled to vote on the Plan. If you have any questions about the status of your claim or interest, or if you wish to obtain a copy of either the Disclosure Statement or the Plan (i) contact the Debtor's counsel, Perkins Coie LLP, 1201 Third Avenue, Suite 4800, Seattle, Washington 98101, Attn: Brian A. Jennings by telephone at (206) 359-3679, by fax at (206) 359-4679, or by email at bjennings@perkinscoie.com or (ii) view such documents by accessing the Court's website: http://www.wawb.uscourts.gov. A PACER password and login are needed to access documents on the Court's website. A PACER password can be obtained at http://www.pacer.psc.uscourts.gov.**

NOTICE OF NONVOTING STATUS– 1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

76262-0001/LEGAL20596157.2

**PLEASE DIRECT ANY INQUIRIES REGARDING THIS NOTICE TO THE DEBTOR'S' COUNSEL AT THE NUMBER ABOVE.  PLEASE DO NOT DIRECT ANY INQUIRIES TO THE BANKRUPTCY COURT.**

DATED: _____ __, 2011

**PERKINS COIE LLP**


By:  /s/ _____
    Alan D. Smith, WSBA No. 24964
    ADSmith@perkinscoie.com
    Brian A. Jennings, WSBA No. 32509
    BJennings@perkinscoie.com
    1201 Third Avenue, Suite 4800
    Seattle, Washington 98101-3099
    Telephone:  206.359.8000
    Facsimile:  206.359.9000

Attorneys for Debtor
Centralia Outlets, LLC

NOTICE OF NONVOTING STATUS– 2

76262-0001/LEGAL20596157.2